KING ET AL., APPELLANTS, *v.* WILLIAMS ET AL., APPELLEES.

[Cite as King *v.* Williams (1983), 5 Ohio St. 3d 137.]

(No. 82-1151—Decided June 8, 1983.)

138

Mr. *Edmund M. Sawan,* for appellants.

Mr. *Robert D. Pritt,* director of law, for appellees.

Messrs. *Calfee, Halter & Griswold* and Mr. *John E. Gotherman,* urging affirmance for *amicus curiae,* Ohio Municipal Attorneys Assn.

Mr. *Richard A. Castellini,* city solicitor, and Mr. *William M. Gustavson,* urging affirmance for *amicus curiae,* city of Cincinnati.

Mr. *Gregory S. Lashutka,* city attorney, and Mr. *Patrick M. McGrath,* urging affirmance for *amicus curiae,* city of Columbus.

WILLIAM B. BROWN, J. The issue presented in this case is whether the driver of an emergency medical services vehicle operated by the city of Akron, and the city itself, qualify for immunity from liability under R.C. 701.02. Because this court finds that the defendants-appellees' actions fall within the protection of the aforementioned statute the granting of summary judgment in their favor was appropriate.

Initially, it should be noted that the court of appeals affirmed the grant of the motion for summary judgment on the basis that the city was protected by the doctrine of sovereign immunity. See *Wooster* v. *Arbenz* (1927), 116 Ohio St. 281. Recently, this court had occasion to reconsider that doctrine in *Haverlack* v. *Portage Homes, Inc.* (1982), 2 Ohio St. 3d 26. There it was determined that the defense of sovereign immunity frequently "serves no purpose and produces such harsh results" and the doctrine was largely abolished. Further, "[a] municipal corporation, unless immune by statute, is liable for its negligence in the performance or nonperformance of its acts." *Haverlack* v. *Portage Homes, Inc., supra,* at 30.

R.C. 701.02 provides immunity for a municipal corporation. The statute begins by setting out conditions under which a municipal corporation shall be liable. However:

"The defense that the officer, agent, or servant of the municipal corporation was engaged in performing a governmental function, shall be a full defense as to the negligence of:

"* * *

"(B)  Members of the fire department while engaged in duty at a fire, or while proceeding toward a place where a fire is in progress or is believed to be in progress, or *in answering any other emergency alarm.*

"Firemen shall not be personally liable for damages for injury or loss to persons or property and for death caused while engaged in the operation of a motor vehicle in the performance of a governmental function." (Emphasis added.)

This statute provides a municipal corporation with a complete defense to a charge of negligence. In order to come within the statute, three conditions must be met. First, the individual must be an officer, agent or servant of the municipal corporation. Secondly, the individual must be engaged in performing a governmental function. Lastly, for purposes of this case, a fireman must be answering an emergency alarm.

There is no question in regard to the first and third conditions. Appellee Williams was clearly employed by the city of Akron as a member of the fire department. In addition, the evidence is uncontradicted that the ambulance was on an emergency run at the time of the accident. Thus, the only remaining question is whether Williams was engaged in performing a governmental function.

Although *Haverlack* v. *Portage Homes, Inc., supra,* attempted to avoid the "bramble bush" of the governmental/proprietary distinction for purposes of sovereign immunity by eliminating the defense, the language of R.C. 701.02 seemingly requires that the distinction be raised anew. Indeed the heart of appellants' argument is that the provision of emergency medical services by a municipality is a proprietary function. In support of this position appellants assert that provision of such services is not an act traditionally performed by a municipality or an act performed for the common good and that a private corporation could provide the service.

While there is some merit to appellants' contentions, provisions of the Revised Code indicate that the General Assembly has determined that provision of emergency medical services, rendered by a fire department, is to be classified as a governmental function. First, R.C. 737.21 provides for the establishment and organization of rescue units by municipal corporations under the heading of "fire department." Furthermore, R.C. 9.60(A)(4) defines "fire protection" to include the provision of ambulance, emergency medical, and rescue service by the fire department.

Section 70 of the Akron Charter establishes the city fire department. Under Ordinance No. 970-1978, Akron's emergency medical service was

created and made part of the fire department. It is well-established that the operation of a city fire department is a governmental function. *Hall* v. *Youngstown* (1968), 15 Ohio St. 2d 160 [44 O.O.2d 140]; *Wheeler* v. *Cincinnati* (1869), 19 Ohio St. 19; *Nanna* v. *Village of McArthur* (1974), 44 Ohio App. 2d 22 [73 O.O.2d 14]. Indeed, emergency medical services fit within the classic definition of governmental functions as those duties which are imposed on the state as an obligation of sovereignty, such as protection of the citizens from crime, fire, contagion, or preserving the peace and health of citizens. *Wooster* v. *Arbenz, supra,* at 284-285. Therefore, this court concludes that the provision of emergency medical services by a municipal corporation, as an arm of a municipal fire department, is a governmental function within the meaning of R.C. 701.02. Because the requirements of R.C. 701.02 have been satisfied in the instant case, the city of Akron is immune from liability for the alleged negligence of its employee.

Appellee Williams is also immune, as an individual, under the same statute. Under Ordinance No. 970-1978, the Akron Emergency Medical Service was made a part of the city's fire department. Williams, as a member of the fire department of a municipal corporation, is a "fireman" within the meaning of R.C. 701.02. As such, he is not personally liable for damages for injury or loss to persons or property while engaged in the operation of a motor vehicle in the performance of a governmental function. See *Dougherty* v. *Torrence* (1982), 2 Ohio St. 3d 69.

Under *Haverlack* v. *Portage Homes, Inc., supra,* a statute may provide immunity from liability. Thus, in accordance with this rule, since both the city of Akron and Williams acted within the scope of R.C. 701.02, they are not liable for negligence in the performance or nonperformance of their acts.

Additionally, appellants argue that the purchase of liability insurance by the city of Akron impliedly waived the defense of immunity. This position is without merit. Such a waiver was asserted in the context of restraining the limits of sovereign immunity. Since that defense has already been adequately restrained by this court's recent decision in *Haverlack* v. *Portage Homes, Inc., supra,* the impetus for appellants' argument no longer exists. Because a municipal corporation now enjoys immunity from liability only in specific, statutorily defined, situations, it is both prudent and necessary for that municipality to purchase liability insurance to protect itself for those instances in which it will not be immune.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, C. BROWN and J.P. CELEBREZZE, JJ., concur.

HOLMES, J., concurs in part.

HOLMES, J., concurring in part. I concur in paragraphs one and two of the syllabus in that the provision of emergency medical services by a municipal corporation, as an arm of a municipal fire department, is a governmental function within the meaning of R.C. 701.02, or within the meaning of any other analysis of municipal activity. Also, I approve of the majority determination here that a member of such emergency medical services team, acting within the fire department of the municipal corporation, is indeed a fireman within such statutory definition.

That portion of the majority syllabus and opinion with which I strongly disagree is the commentary in approval of this court's holding in *Haverlack* v. *Portage Homes, Inc.* (1982), 2 Ohio St. 3d 26. This was a potentially devastating determination as it relates to municipalities and other local governmental entities in Ohio, providing a multiplicity of questions ranging from the issue of retrospective application with little or no liability coverage by local governmental entities in various potentially vulnerable areas, to the question of the breadth and the extent of the newly judicially created responsibility. Will the liability extend to discretionary acts and managerial decisions of administrators? Will it cover executive and councilmanic determinations? Will it encompass engineering, financial, planning and other determinations of any and all governmental agencies from our municipalities down through school boards? This is just a miniscule composite of the myriad labyrinth of problems presented by this court's open sesame determination in *Haverlack.*

The ball is now in another court, so to speak. It is now up to the General Assembly to write into law, as it has done in R.C. 701.02 as discussed here, those areas of governmental activity which again should be recognized as strictly public functions and which traditionally, within the operation thereof, protect the governmental entity from suit.