POE ET AL., APPELLANTS, *v.*
HAMILTON, APPELLEE.

(No. CA90-02-015—Decided
September 24, 1990.)

*Shackleford & Bonham* and *Thomas D. Shackleford,* for appellants.

*Freund, Freeze & Arnold* and *Francis S. McDaniel; Powell & Oliver* and *Lois A. Oliver,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Warren County Court of Common Pleas.

Plaintiff-appellant, Tracy S. Poe, appeals from a decision of the Warren County Court of Common Pleas which granted summary judgment in favor of defendant-appellant, Lecil R. Hamilton.

In the spring of 1987, Poe was completing her senior year at William Mason High School in Mason, Ohio. Poe had opted to take psychology during the second semester of the 1986-1987 school year to fulfill a graduation requirement; Hamilton was her psychology teacher. Poe failed psychology the second quarter of the second semester, resulting in her inability to graduate with the rest of her class. She subsequently attended summer school and received her high school diploma a short time later.

In March 1988, Poe and her parents filed a complaint against Hamilton seeking damages for negligence, breach of an implied contract, and reckless breach of duty. According to Poe, Hamilton had ignored guidelines and rules promulgated by the Mason Local School District Board of Education. Specifically, the rules required Hamilton to assign and grade at least five assignments per quarter. During the quarter in question, Hamilton had only recorded three grades prior to the last day of classes, upon which he gave a final examination and three quizzes during the final twenty-five minutes of the class period. Additionally, Hamilton had not notified Poe or her parents that Poe was having problems and could potentially fail the course. Poe argued that had Hamilton not been derelict in his duties, Poe would have had notice of her insufficient performance in psychology and could have avoided failing.

The trial court granted a motion to dismiss Poe's assertions that Hamilton had been negligent or had breached an implied contract, based upon its belief Poe had failed to state a claim upon which relief may be granted. However, the court withheld its opinion on Poe's argument that Hamilton had recklessly breached a duty when he did not follow teaching requirements. The parties conducted depositions of Poe, her mother Patricia Poe, and Hamilton.

After deposition, Hamilton filed a motion for summary judgment, which the trial court granted in February 1990. Poe has timely appealed from the judgment below and assigns the following as error:

"The trial court erred to the prejudice of plaintiffs-appellants in granting defendant-appellee's motion for summary judgment."

Poe argues she presented ample evidence raising a genuine issue of material fact on the question of whether Hamilton had breached a duty and proximately caused her harm. She asserts public policy should not preclude her recovery for educational malpractice.

The trial court, in its decision granting Hamilton's motion for summary judgment, focused upon three issues arising out of these facts. Briefly, they are (1) whether Hamilton was immune under sovereign immunity statutes protecting governmental employees; (2) whether Poe had sufficiently alleged that actions by Hamilton were the proximate cause of her failing the course; and (3) whether public policy precludes a cause of action for educational malpractice. We will address each of these issues individually.

R.C. 2744.03(A)(6)(b) provides:

"(A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by an act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:

"(* * *

"(6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division, the employee is immune from liability unless one of the following applies:

"(* * *

"(b) His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner[.]"

Under this statute, Hamilton is immune unless Poe can establish he acted "with malicious purpose, in bad faith, or in a wanton or reckless manner." This is a more rigorous standard of care than is required under a negligence theory of liability. To make out a prima facie case of negligence, Poe would merely need to show that Hamilton failed to use ordinary care, thus proximately causing her injury. Poe argues the trial court should have used the dictionary definition of "reckless," which is "* * * careless, heedless, inattentive; indifferent to consequences," Black's Law Dictionary (6 Ed. 1990) 1270, rather than the criminal law definition of "reckless" as the "perverse[ ] disregard[ ] [of] a known risk." R.C. 2901.22(C). However, the dictionary definition proceeds to state that "[a]ccording to circumstances * * * [reckless] may mean desperately heedless, *wanton* or willful, or it may mean only careless, inattentive, or negligent." (Emphasis added.) In R.C. 2744.03(A)(6)(b), the word "reckless" is associated with the words "malicious purpose," "bad faith," and "wanton," all of which suggest conduct more egregious than simple carelessness. Looking at the use of the word "reckless" in the instant context, we agree with the trial court that Hamilton must have "perversely disregarded a known risk" in order to lose his immunity. We believe Poe failed to establish Hamilton's conduct was reckless.

Even if Poe had sufficiently alleged recklessness, it is doubtful whether proximate cause could have been established. At least one court has recognized the difficulty of establishing that but for the action of the errant teacher the student would not have failed: "* * * Factors such as the student's attitude, motivation, temperament, past experience and home environment may all play an essential and immeasurable role in learning. * * *" *Donohue* v. *Copiague Union Free School Dist.* (1979), 47 N.Y. 2d 440, 446, 418 N.Y. Supp. 2d 375, 379, 391 N.E. 2d 1352, 1355

(Wachtler, J., concurring). Indeed, in the instant action, Poe's deposition reveals that Poe did not ask Hamilton about her performance on several tests given that quarter, a significant omission since the previous quarter Poe had turned in only one of four homework assignments and had missed the final exam, which she made up several weeks later. The trial court correctly found that although Hamilton's omissions — for which the school superintendent has issued a reprimand — were a cause of Poe's problems in psychology class, evidence was lacking that Hamilton's conduct was the proximate cause of her failing the course.

Finally, even if Poe were able to establish that Hamilton was reckless and that his conduct had proximately caused her to fail the course, we agree with the trial court that Poe may not prevail as a matter of public policy. In this determination, we are in accord with apparently the only other Ohio appellate decision dealing with the issue of educational malpractice. In *Denson v. Steubenville Bd. of Edn.* (July 29, 1986), Jefferson App. No. 85-J-31, unreported, the court addressed an action by a student alleging that school authorities had committed educational malpractice in promoting him from grades one through twelve without teaching him literacy, and concluded that educational malpractice was not actionable. By implication, the court followed the reasoning in *Donohue, supra,* which had found that the professional judgment of educators in determining appropriate methods of teaching should not be disturbed.

For these reasons, we agree with the trial court that no genuine issue of material fact existed and that Hamilton was entitled to prevail as a matter of law. Poe's assignment of error is overruled.

This assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

YOUNG, P.J., HENDRICKSON and KOEHLER, JJ., concur.