**LIPSCOMB et al., Appellants,**

**v.**

**LEWIS et al., Appellees.**

[Cite as *Lipscomb v. Lewis* (1993), 85 Ohio App.3d 97.]

Court of Appeals of Ohio,
Butler County.

No. CA92–04–059.

Decided Jan. 19, 1993.

*Mary K. Dudley,* for appellants.

*Frank Schiavone,* for appellee, Michael Lewis.

*James W. Gustin,* for appellee, city of Hamilton.

*Per Curiam.*

Plaintiffs-appellants, Jeffrey and Rebecca Lipscomb, appeal a motion for summary judgment granted by the Butler County Court of Common Pleas in favor of defendants-appellees, Michael Lewis ("Lewis") and the city of Hamilton ("the city").

The facts are as follows: On July 27, 1989, Lewis, a firefighter/paramedic employed by the Hamilton Fire Department, was operating an ambulance en route to 1349 Azel Avenue in Hamilton. As Lewis approached the intersection of Azel and Elmont Avenue, he slowed the ambulance to between ten and fifteen miles per hour and proceeded through a stop sign. While in the intersection, the ambulance and an automobile driven by Jeffrey Lipscomb ("Lipscomb") collided. Lewis claims that the ambulance siren and signal lights were in operation before, during, and after the accident. Lipscomb contends that he neither heard nor observed a siren or signal lights. It is uncontroverted, however, that Lewis was responding to an emergency call as instructed by the fire department dispatcher.

On March 14, 1991, appellants filed a complaint against Lewis and the city for the personal injuries and loss of consortium caused by the accident. Lewis filed a counterclaim, which is not at issue in the present case. Subsequently, Lewis and the city filed a motion for summary judgment based on the immunity defenses contained in R.C. 2744.02(B)(1) and 2744.03(A)(6). The trial court granted the motion on March 6, 1992.

In their sole assignment of error, appellants assert that the lower court erred in granting summary judgment in favor of Lewis and the city. Summary judgment was appropriate only if there was no genuine issue as to any material fact, if Lewis and the city were entitled to judgment as a matter of law, and if reasonable minds could come only to a conclusion adverse to appellants. *Morris v. Ohio Cas. Ins. Co.* (1988), 35 Ohio St.3d 45, 517 N.E.2d 904; Civ.R. 56(C). In addition, this court must construe the evidence most strongly in appellants' favor. *Id.*

Appellants present two issues for review. First, they argue that a genuine issue of material fact exists as to whether Lewis was responding to an "emergency alarm," one of the statutory prerequisites for sovereign immunity. Specifically, appellants contend that an ambulance operator must utilize the siren and signal lights during an "emergency alarm," making summary judgment in favor of the city improper because whether Lewis activated the siren and signal lights is disputed.

R.C. 2744.02(B)(1) contains the applicable sovereign immunity provision. It states in pertinent part as follows:

"(B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:

"(1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to persons or property caused by the negligent operation of any motor vehicle by their employees upon the public roads, highways, or streets when the employees are engaged within the scope of their employment and authority. The following are full defenses to such liability:

"* * * *

"(b) A member of a municipal corporation fire department or any other firefighting agency was operating a motor vehicle while engaged in duty at a fire, proceeding toward a place where a fire is in progress or is believed to be in progress, or in answering any other emergency alarm and the operation of the vehicle did not constitute willful or wanton misconduct[.]"

R.C. 2744.02(B)(1)(b) provides a complete defense to a political subdivision for the negligent operation of a motor vehicle by a member of its fire department if three conditions are met. First, the individual at fault must be a member of a municipal corporation fire department or any other firefighting agency. Second, for purposes of this case, the individual must have been operating a motor vehicle while answering an "emergency alarm." Third, the operation of the vehicle cannot constitute willful or wanton misconduct. In their first issue presented for review, appellants address the second condition.

Construing the evidence most strongly in appellants' favor, we will assume for purposes of this appeal that Lewis did not operate the ambulance siren or signal lights. For the following reasons, however, we still conclude that Lewis was answering an "emergency alarm" for purposes of R.C. 2744.02(B).

Appellants rely on R.C. 4513.21 and 4511.45 in arguing that an ambulance operator is statutorily required to utilize the siren and signal lights during an "emergency alarm." R.C. 4513.21 allows the driver of an emergency vehicle to operate the siren only when responding to an "emergency call." R.C. 4511.45 requires drivers to yield the right of way to approaching public safety vehicles, including ambulances, equipped with flashing lights and giving audible signal by siren.

Neither statute explicitly requires an ambulance's siren and signal lights to be used during an "emergency alarm." R.C. 4513.21 and 4511.45 simply specify under which conditions an ambulance operator may take advantage of warning devices and an absolute right of way in traffic, which enable the operator to

expedite arrival at the scene of an emergency. To determine whether R.C. 4513.21 and 4511.45 also require an ambulance operator to utilize the siren and signal lights during an "emergency alarm," this court must give effect to the words of these statutes, cannot ignore the words of these statutes, and cannot supply words not included. *E. Ohio Gas Co. v. Limbach* (1991), 61 Ohio St.3d 363, 365, 575 N.E.2d 132, 133.

The term "emergency alarm" is not used in either of the above statutes and is not defined in the definitional sections of R.C. Chapters 4513 or 2744. Giving R.C. 4513.21, 4511.45, and also 2744.02 their plain meanings, we are of the opinion that the operation of an ambulance's siren and signal lights is not required to characterize an event as an "emergency alarm." As evidenced by the list of protected conduct set forth in R.C. 2744.02(B)(1)(b), including "operating a motor vehicle while engaged in duty at a fire" and "proceeding toward a place where a fire is in progress or believed to be in progress," it is the character of the event requiring assistance from a fire department that defines an "emergency alarm," not whether an ambulance operator utilized the siren and signal lights. See *Brockman v. Bell* (1992), 78 Ohio App.3d 508, 605 N.E.2d 445. If the Ohio General Assembly wished to restrict "emergency alarms" to only those occasions when warning devices are deployed, it could have done so by defining "emergency alarm" or by including such a provision in R.C. 4513.02 or 4511.45. Furthermore, the Supreme Court of Ohio has found an "emergency alarm" occurred despite an allegation that an ambulance was proceeding without sounding its siren or flashing its signal lights. See *King v. Williams* (1983), 5 Ohio St.3d 137, 5 OBR 269, 449 N.E.2d 452.[1]

Because appellants offer no evidence other than the alleged absence of the siren and signal lights to challenge the presence of an "emergency alarm," because we conclude that the operation of these warning devices is not a statutory requirement for an "emergency alarm," and since it is not in dispute that Lewis responded to an emergency call from the fire department dispatcher, we find that a genuine issue of material fact does not exist on the question of whether Lewis was answering an "emergency alarm."

---

1. Appellants argue that *King* is inapposite because it was decided under R.C. Chapter 2744's predecessor, former R.C. 701.02. A comparison of the two statutes reveals, however, that the language contained in R.C. 2744.02(B)(1)(b) is identical to that in former R.C. 701.02(B). In addition, contrary to appellants' view, former R.C. 701.02 did not provide a municipality with immunity for the willful and wanton misconduct of its employees. See *Adams v. Peoples* (1985), 18 Ohio St.3d 140, 18 OBR 200, 480 N.E.2d 428. Furthermore, the Supreme Court of Ohio has not overruled *King,* and we find nothing in R.C. Chapter 2744 to indicate that the General Assembly intended to preclude application of the *King* court's finding of an "emergency alarm" despite the question of whether the ambulance operator in that case utilized the siren and signal lights.

In their second issue presented for review, appellants challenge the trial court's determination that the third condition for R.C. 2744.02(B)(1)(b) sovereign immunity was satisfied. As articulated above, the third condition is that, for the city to receive immunity, Lewis's driving cannot constitute willful or wanton misconduct. Additionally, for Lewis to receive immunity in his individual capacity, he must not have acted with "malicious purpose, in bad faith, or in a wanton or reckless manner." R.C. 2744.03(A)(6)(b). To support their allegations of willful and wanton misconduct and recklessness,[2] appellants rely on Lewis's alleged failure to utilize the siren and signal lights, Lewis's failure to obey the stop sign, and the accident reconstruction report of their expert which states that Lewis "should have slowed up more, or come to a stop, prior to entering onto Elmont Avenue."

Again construing the evidence most strongly in favor of appellants, we conclude that a genuine issue of material fact does not exist as to whether Lewis was guilty of willful or wanton misconduct or recklessness. The Supreme Court of Ohio has determined that an individual acts "recklessly" when " 'he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.' " *Thompson v. McNeill* (1990), 53 Ohio St.3d 102, 104–105, 559 N.E.2d 705, 708, quoting 2 Restatement of the Law 3d, Torts (1965), at 587, Section 500. This standard may also be applied to characterize conduct as "willful and wanton." *Thompson, supra*, at 104, 559 N.E.2d at 708, fn. 1. In addition, this court has defined "recklessness" for purposes of R.C. 2744.03(A)(6)(b) as a perverse disregard of a known risk. *Poe v. Hamilton* (1990), 56 Ohio App.3d 137, 138, 565 N.E.2d 887, 888.

Even assuming that Lewis did not operate the siren or signal lights and that he should have slowed the ambulance *more* when entering the intersection, appellants have not established issues of fact indicating the total absence of care or the perverse disregard of a known risk required before the operation of an automobile is considered "reckless" or "willful" or "wanton." As explained above, Lewis was not statutorily required to sound the ambulance siren or to operate its signal lights, however desirable such action may be. Moreover, the posted speed limit in the area where the accident occurred is twenty-five miles per hour. It is undisputed that Lewis slowed the ambulance to only ten to fifteen miles per hour as he approached the intersection and proceeded through the stop sign. This conduct demonstrates caution, not a failure to exercise care toward other drivers.

---

2. Lewis is not accused of acting with "malicious purpose" or in "bad faith."

Furthermore, because he was responding to an emergency call, Lewis was authorized by R.C. 4511.03 to proceed through the stop sign.[3] While a failure to operate the siren and signal lights may make Lewis negligent, both Lewis and the city are immune from liability for negligence in this context. See R.C. 2744.02(B)(1) and 2744.03(A)(6).

Because genuine issues of material fact do not exist on the issues of whether Lewis was responding to an "emergency alarm" and whether his actions constituted "willful," "wanton" or "reckless" conduct, because Lewis and the city were entitled to judgment as a matter of law under R.C. 2744.02(B)(1)(b) and 2744.-03(A)(6), and since reasonable minds could come only to this conclusion, the trial court properly awarded summary judgment to Lewis and the city. Appellants' sole assignment of error is overruled.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

JONES, P.J., KOEHLER and WILLIAM W. YOUNG, JJ., concur.

---

3. R.C. 4511.03 states:
   "The driver of any emergency vehicle or public safety vehicle, when responding to an emergency call, upon approaching a red or stop signal or any stop sign shall slow down as necessary for safety to traffic, but may proceed cautiously past such red or stop sign or signal with due regard for the safety of all persons using the street or highway."