HARRIS et al., Appellants,

v.

KENNEDY et al., Appellees.

[Cite as *Harris v. Kennedy* (1996), 116 Ohio App.3d 687.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69420.

Decided May 16, 1996.

*Levey & Gruhin, Harold L. Levy, Stephenie L. Conde* and *Arthur E. Dombek,* for appellants.

*Sharon Sobol Jordan,* Director of Law, and *Charles E. Hannan,* Jr., Assistant Director of Law, for appellees.

PATTON, Judge.

Plaintiffs-appellants, George Harris and Deborah Williams, appeal the granting of defendants-appellees, Muzongo Kennedy and city of Cleveland's, motion for summary judgment.

On January 2, 1994, George Harris ("plaintiff") was driving his car south on Superior Avenue. In the car with him was Deborah Williams ("passenger"). The weather conditions on this day were cold and icy due to recent accumulations of snow. As plaintiff approached a T–style intersection, he saw flashing lights on his left side and slowed his car down. An ambulance then came sliding through the intersection and crashed into the side of plaintiff's car. Plaintiff stated the ambulance was out of control and speeding and had gone right through a stop sign before hitting him. Plaintiff also stated he heard no siren or audible sound indicating that an emergency vehicle was approaching. This testimony was corroborated by the passenger.

Muzongo Kennedy ("Kennedy"), the driver of the ambulance, is an Emergency Medical Service ("EMS") paramedic for the city of Cleveland ("city"). Kennedy stated he observed a stop sign before entering the T–style intersection. As he approached the stop sign and intersection, Kennedy testified he was unaware of the presence of ice on the road surface so when he applied the brakes the ambulance slid forward on a patch of ice into the intersection. Thereafter, the ambulance collided with the car containing plaintiff and the passenger.

The city and Kennedy submitted a motion for summary judgment based on a city employee's immunity from liability incurred while working for the city. The motion for summary judgment was granted, over the appellant's objections, and this appeal results therefrom.

The appellant's three assignments of error collectively raise the issues of whether a city is exempt from liability and whether Muzongo Kennedy exhibited the necessary care while driving the ambulance.

## I

## STANDARD OF REVIEW: SUMMARY JUDGMENT

Pursuant to Civ.R. 56, summary judgment may be rendered where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Summary judgment may not be rendered unless it appears that reasonable minds can come to but one conclusion and that conclusion is adverse to the to the party against whom the motion is made.

The moving party has the burden of showing that there is no genuine issue as to any material fact as to the critical issues. The opposing party has a duty to submit affidavits or other materials permitted by Civ.R. 56(C) to show a genuine issue for trial. *See Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

## II

## WHETHER THE CITY IS PRECLUDED FROM IMMUNITY

In order for a city to invoke immunity and protect itself from the liability resulting from an accident involving one of its employees, the employee needs to meet the criteria set forth in R.C. 2744.02(B)(1)(c).

R.C. 2744.02(B)(1)(c) contains the applicable immunity provision. It states:

"(B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a government or proprietary function, as follows:

"(1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to persons or property caused by the negligent operation of any motor vehicle by their employees upon the public roads, highways, or streets when the employees are engaged within the scope of their employment and authority. The following are full defenses to such liability:

" * * *

"(c) A member of an emergency medical service owned or operated by a political subdivision was operating a motor vehicle while responding to or completing a call for emergency medical care or treatment, the member was holding a valid commercial driver's license * * *, the operation of the vehicle did not constitute willful or wanton misconduct, and the operation complies with the precautions of 4511.03 of the Revised Code."

R.C. 2744.02(B)(1)(c) provides a complete defense to a city for the negligent operation of an EMS motor vehicle if three criteria are met: (1) the employee, validly licensed to drive, is operating the vehicle in response to an emergency call; (2) the operation of that vehicle did not constitute willful or wanton misconduct; and (3) the operation complies with R.C. 4511.03.

Plaintiff contends that the city is not immune from liability because Kennedy did not comply with R.C. 4511.03. Plaintiff reasons that Kennedy failed to slow as necessary and failed to proceed cautiously with due regard for the safety of others.

R.C. 4511.03 states:

"The driver of any emergency vehicle or public safety vehicle, when responding to an emergency call, upon approaching a red or stop signal or any stop sign shall slow down as necessary for the safety to traffic, but may proceed cautiously past such red or stop sign or signal with due regard for the safety of all persons using the street or highway."

In the instant case, plaintiff argues that Kennedy did not slow as necessary. However, Kennedy testified he applied the brakes and slowed down to 5 to 10 m.p.h. before entering the intersection in anticipation of the stop sign. Plaintiff and the passenger were not able to state specifically whether Kennedy was speeding or not. They were only able to *assume* that Kennedy was speeding because their car was pushed up onto the curb after being struck by the ambulance. Admittedly, Kennedy did slide on a patch of ice into the intersection; nonetheless he did comply with R.C. 4511.03 by applying the brakes and slowing his vehicle down to 5 to 10 m.p.h.

Plaintiff also argues that Kennedy failed to proceed cautiously with due regard for the safety of others; *i.e.*, that Kennedy did not use ordinary care. Plaintiff's argument is based on the issue of whether or not Kennedy had his siren on. In *Lipscomb v. Lewis* (1993), 85 Ohio App.3d 97, 619 N.E.2d 102, the court held that the operation of a siren or signal lights is not a statutory requirement and thus the failure to do so does not indicate the total absence of care or the perverse disregard of a known risk. See *Moore v. Columbus* (1994), 98 Ohio App.3d 701,

709, 649 N.E.2d 850, 855. In light of *Lipscomb* and the fact that no other witnesses were presented, except for plaintiff, to contradict Kennedy's testimony that his siren and signal lights were on, we find no issue of material fact that Kennedy did not proceed cautiously or without due care in regard for the safety of others when he entered the intersection.

Therefore, construing the evidence most strongly in plaintiff's favor, we find that Kennedy slowed down as necessary and proceeded cautiously with due regard for the safety of others, thereby complying with R.C. 4511.03. This being so there are no genuine issues of material fact, and the city is immune from all liability pursuant to 2744.02(B)(1)(c), and summary judgment was properly granted regarding the city.

### III

### WHETHER KENNEDY IS PRECLUDED FROM IMMUNITY

█ Pursuant to R.C. 2744.03(A)(6), an individual employee of a political subdivision is immune from liability unless one of the following apply: (1) his acts or omissions were manifestly outside the scope of his employment or official responsibility; (2) his acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or (3) liability is expressly imposed upon the employee by a section of the Revised Code.

Plaintiff's arguments are based solely on the third criterion listed above, namely that liability is imposed on Kennedy by a section of the Revised Code.

First, plaintiff argues that liability is expressly imposed upon Kennedy because he did not comply with R.C. 4511.03 by failing to slow his vehicle, by not proceeding with caution and with due regard for the safety of all persons on the roads, and by not giving an audible signal. This argument was discussed previously in this opinion and was found to have no merit.

Second, plaintiff alleges that Kennedy did not comply with R.C. 4511.202 because he did not maintain control of his vehicle. R.C. 4511.202 states:

"No person shall operate a motor vehicle * * * on any street, highway, or property open to the public for vehicular traffic without being in reasonable control of the vehicle * * *."

However, plaintiff cites no case law which supports his position, and pursuant to R.C. 4511.041 an emergency vehicle is exempted from the liability imposed by R.C. 4511.202.

In *Lipscomb, supra,* 85 Ohio App.3d at 103, 619 N.E.2d at 106, the defendant-driver slowed to 10 to 15 m.p.h. before going through a stop sign and failed to give an audible warning sound before colliding with another vehicle. The court

found the defendant-driver and defendant-city immune from liability for any negligence in this context, asserting R.C. 2744.02(B)(1) and 2744.03(A)(6) as its authority. The court also held that because defendant-driver and defendant-city were entitled to judgment as a matter of law under these code sections "and since reasonable minds could come to only this conclusion, the trial court properly awarded summary judgment." *Id.*

We find that Kennedy, as an employee of a political subdivision, is immune from any liability resulting from his accident while driving the EMS ambulance. We also find that the trial court properly granted the motion for summary judgment, as reasonable minds can only come to this conclusion.

*Judgment affirmed.*

HARPER, P.J., and DYKE, J., concur.