OPINION
Appellants Christopher Haley and the Springfield Township Board of Trustees appeal from a judgment of the Clark County Common Pleas Court denying their motion for summary judgment against appellees Jeffrey Weber, Dee Weber, and Zachary Weber.
In their sole assignment of error, the appellants contend (1) that the trial court applied the wrong statute when considering their motion and (2) that they were immune from liability absent evidence of wanton, willful, or malicious misconduct.
The present appeal stems from a March 4, 1995, automobile accident at the intersection of U.S. Route 40 and Upper Valley Pike. On that day, Haley and Doug Stevens, both firemen with the Springfield Township Fire Department, were responding to an emergency call at the Ohio Masonic Home in Springfield Township. Haley drove a marked fire truck west on U.S. 40 with lights and sirens activated. He approached the intersection of U.S. 40 and Upper Valley Pike intending to make a left turn onto southbound Upper Valley Pike. As Haley approached the intersection, traffic on west and east bound U.S. 40 had a green light, and all traffic on Upper Valley Pike faced a red light. Before Haley entered the intersection, another fire truck had cleared the intersection and turned onto Upper Valley Pike. The parties dispute whether Haley stopped the fire truck or slowed to approximately five miles per hour as he approached the intersection and turned. In any event, Haley proceeded into the intersection to make his turn. As he turned left and passed across the east bound lanes of U.S. 40, a vehicle driven by appellee Jeffrey Weber entered the intersection traveling east on U.S. 40 and struck the fire truck in the passenger's side.
The Webers subsequently filed a complaint against Haley and the Springfield Township Board of Trustees alleging negligence as well as willful and wanton misconduct. Specifically, the complaint alleged that Haley operated the fire truck negligently or with willful and wanton disregard for the Webers' safety. The complaint also sought to hold the Springfield Township Board of Trustees liable for Haley's conduct. In particular, Jeffrey Weber and his son, Zachary, sought damages stemming from their alleged personal injuries. Additionally, the complaint sought damages for Dee Weber's loss of consortium. After filing an answer, Haley and the Springfield Township Board of Trustees filed a motion for summary judgment claiming immunity from liability pursuant to R.C.2744.02(C). The trial court denied the motion on September 23, 1997. Haley and the Board of Trustees then filed a timely notice of appeal challenging the trial court's ruling on their motion for summary judgment.[1] They advance the following assignment of error:
I.
 "The trial court erred to the prejudice of defendants-appellants by overruling their motion for summary judgment."
In their sole assignment of error, the appellants argue that the trial court considered an inapplicable statute and failed to grant them summary judgment when no evidence of willful, wanton, or malicious misconduct exists.
We begin our analysis with a brief review of Ohio law regarding political subdivision immunity. Under R.C.2744.02(B)(1), "political subdivisions are liable for injury death, or loss to persons or property caused by the negligent operation of any motor vehicle by their employees upon the public roads when the employees are engaged within the scope of their employment and authority. R.C. 2744.02(B)(1)(b) provides a complete defense to a political subdivision's liability, however, if a "member of a municipal corporation fire department or any other fire fighting agency was operating a motor vehicle while engaged in duty at a fire, proceeding toward a place where a fire is in progress or is believed to be in progress, or in answering any other emergency alarm and the operation of the vehicle did not constitute willful or wanton misconduct." Additionally, under R.C.2744.03(A)(6)(b) an employee of a political subdivision is immune from liability unless "his acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner."
In the present case, the trial court noted the availability of immunity for political subdivisions and their employees. It also noted, however, that "under O.R.C. section 4511.03, the political subdivision may be liable if the employee does not meet the guidelines for emergency vehicles when they proceed through stop signs or red lights." The court recognized that the statute requires an emergency vehicle driver to "slow down as necessary" and "proceed cautiously" when approaching stop signs and red lights. The court then reasoned that Haley was proceeding against a red light on Upper Valley Pike when he turned from west bound U.S. 40 onto south bound Upper Valley Pike. Consequently, the court found a factual question regarding whether Haley's conduct was willful, wanton, or reckless. The trial court also cited Haley's knowledge that another emergency vehicle had crossed the intersection, "possible evidence" of his obstructed view of east bound U.S. 40, and "possible evidence" that he accelerated into the eastbound lanes of Route 40, which had the green light" as factors creating a factual question about whether Haley acted willfully, wantonly, or recklessly. Consequently, the trial court overruled the appellants' motion for summary judgment.
In their brief to this court, the appellants argue (1) that R.C. 4511.03, upon which the trial court relied, does not apply and (2) that the record does not reveal a genuine issue of material fact on the issue of willful, wanton, or malicious misconduct. Having reviewed the record and applicable law, we find the appellants' arguments persuasive.
At the outset, we note that the parties appear to place undue emphasis on R.C. 4511.03. The statute is a minor misdemeanor traffic offense. City of Springfield v. Parsons (Sept. 30, 1994), Clark App. No. 94 CA 22, unreported. Its violation does not necessarily preclude political subdivision immunity. If an emergency vehicle driver negligently violates the statute, immunity still exists. On the other hand, if an emergency vehicle driver wantonly violates the statute, immunity may not exist. Behmv. City of Cincinnati (Nov. 18, 1992), Hamilton App. No. C-910865, unreported.
As we noted above, for purposes of the Springfield Township Board of Trustees' liability, the critical issue is whether Haley's operation of the motor vehicle constituted willful or wanton misconduct. See R.C. 2744.02(B)(1)(b). Likewise, for purposes of Haley's liability, the critical issue is whether "his acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner." See R.C. 2744.03(A)(6)(b).
In any event, with respect to R.C. 4511.03, we agree with the appellants that Haley did not violate the statute. The traffic statute requires an emergency vehicle driver to "slow down" and "proceed cautiously" when approaching a red light or stop sign. The Webers argue that Haley violated the statute because once he turned left from west bound U.S. 40, which had a green light, into the intersection and facing south bound Upper Valley Pike, he was "approaching" the red light regulating north-south traffic on Upper Valley Pike.
We reject this interpretation of R.C. 4511.03. To the contrary, we believe Haley was "approaching" a green light regulating the traffic on U.S. 40 when he reached the intersection and made his turn. Thus, we find no violation of R.C.4511.03.[2] The only misdemeanor traffic law implicated by Haley's conduct was R.C. 4511.42, which provides that a driver making a left turn shall yield the right of way to any vehicle approaching from the opposite direction. Significantly, however, R.C. 4511.041 provides that R.C. 4511.42 does not apply when an emergency vehicle driver is responding to an emergency call and displaying at least one flashing, rotating, or oscillating light and giving an audible signal. Furthermore, R.C. 4511.45 grants an emergency vehicle driver the right of way when displaying emergency lights and signaling, and no genuine factual issue exists concerning Haley's compliance with these requirements.
As the appellants recognize in their remaining argument, the critical issue for this court to resolve is whether any factual question exists regarding Haley's operation of the fire truck in a manner depriving him or Springfield Township of immunity. As we have explained, the township is immune from liability unless Haley's operation of the fire truck constituted willful or wanton misconduct. In Gladon v. Greater Cleveland Regional TransitAuthority (1996), 75 Ohio St.3d 312, the court discussed willful and wanton misconduct in the context of Ohio tort law. The court defined "willful conduct" as involving an intent, purpose, or design to harm. Id. at 319. The court defined "wanton conduct" as a failure to exercise any care whatsoever toward those to whom one owes a duty of care, under circumstances in which the probability of harm is great. Id; see also Fabrey v. McDonald PoliceDepartment (1994), 70 Ohio St.3d 351, 356.
In the present case, nothing in the record suggests Haley acted with an intent, purpose, or design to harm the appellees. Likewise, we find nothing in the record suggesting that Haley failed to exercise any care whatsoever toward the appellees. Even construing the evidence in a light most favorable to the appellees, the record confirms that Haley activated his lights and siren, noted that another emergency vehicle had passed through the intersection, and proceeded at a speed of approximately five miles per hour. Given these facts we cannot find an issue of fact regarding willful misconduct. Similarly, Haley's use of his lights and siren, as well as his slow speed, leave this court unable to find any issue of fact regarding wanton misconduct. In light of these precautions, no jury could find that Haley failed to exercise any care whatsoever even if, as the appellees allege, his view was somewhat obscured and he accelerated through his turn. Cf. Lipscomb v. Lewis (1993), 85 Ohio App.3d 97 (finding no genuine issue of material fact regarding an ambulance driver's willful, wanton, or reckless conduct notwithstanding his alleged failure to use his siren and signal lights, failure to obey a stop sign, and failure to drive more slowly through an intersection);Neely v. Mifflin Township (Sept. 30, 1996), Franklin App. No. 96APE03-283, unreported (finding no willful or wanton misconduct as a matter of law when a police officer used his sirens and flashers notwithstanding his alleged high-speed entry into an intersection while driving left of center and against a red light).
With respect to Haley's immunity, we noted above that R.C.2744.03(A)(6)(b) provides immunity for an employee of a political subdivision unless "his acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner." See also Lipscomb, supra, at 102; Neuman v. City of Columbus (Aug. 31, 1995), Franklin App. No. 95APE02-161, unreported; Bates v. City ofCincinnati (Oct. 31, 1997), Hamilton App. Nos. C-960659 and A-9306972, unreported. For the same reasons we identified when discussing Springfield Township's immunity, we find nothing in the record suggesting that Haley acted in bad faith or in a wanton manner. We also find no genuine issue of material fact regarding whether Haley acted recklessly. In reaching this conclusion, we note first that the Webers' complaint failed even to allege recklessness by Haley. To the contrary, the complaint alleged willful and wanton misconduct. As we have explained above, the record fails to depict willful or wanton misconduct as a matter of law. Furthermore, we would find no factual question on the reckless-conduct issue even if the Webers had alleged it in their complaint.
An individual acts "recklessly" when "`he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.'" Lipscomb, supra, quoting Thompson v.McNeill (1990), 53 Ohio St.3d 102, 104-105. Recklessness also has been equated with "willful and wanton" misconduct. Lipscomb,supra, at 102. Finally, for purposes of immunity under R.C.2744.03(A)(6)(b), recklessness has been defined as a perverse disregard for a known risk. Poe v. Hamilton (1990), 56 Ohio App.3d 137,138. Regardless of which variation on the term's meaning this court applies, however, what remains clear is that reckless conduct is something substantially more egregious than mere negligence. Rose v. Haubner (June 5, 1997), Franklin App. No. 96APE11-1488, unreported. Based upon the facts before us, and construing those facts in a light most favorable to the Webers, we find as a matter of law that Haley's conduct constituted at most negligence. Cf. Lipscomb, supra (finding no reckless conduct despite a fire truck driver's failure to use his sirens or lights, failure to obey a stop sign, and failure to slow down sufficiently). Negligence, however, is not an exception to the Revised Code's immunity provisions. Rose, supra.
Consequently, we find both Haley and the Springfield Township Board of Trustees immune from liability. Therefore, we sustain the appellants' second assignment of error, reverse the trial court's judgment denying the appellants' motion for summary judgment, and remand this cause for entry of summary judgment in their favor.
Judgment reversed and cause remanded.
WOLFF, J. and FAIN, J., concur.
Copies mailed to:
J. Michael Vassar
Robert J. Surdyk
Julie A. Droessler
Hon. Gerald F. Lorig
[1] Pursuant to R.C. 2744.02(C) and R.C. 2501.02, both amended effective January 27, 1997, an order denying a political subdivision or its employees the benefit of immunity from liability is a final, appealable order.Kagy v. Toledo-Lucas County Port Auth. (July 15, 1997), Fulton App. Nos. F-97-006 and F-97-009, unreported.
[2] Even assuming arguendo that Haley's conduct did violate R.C. 4511.03, for reasons we will explain infra, nothing in the record suggests that his conduct was willful or wanton. As a result, we would find only a negligent violation of the statute and no loss of immunity for the appellants.