OPINION
Defendants-appellants, William B. Lynn, Albert J. Rodenberg, Martha Dorsey, Robert Proud and Richard Martin, appeal the denial of their motion for summary judgment by the Clermont County Court of Common Pleas. We affirm.
On December 28, 1995 at approximately 8:15 a.m., plaintiff-appellee, Bronnie Anderson, was proceeding northbound on State Route 123 approaching a curve where the speed limit is fifteen m.p.h. Lynn, a Clermont County Deputy Sheriff, was proceeding southbound on Route 123, responding to an emergency call regarding an alarm drop at a local business. Lynn testified that he was familiar with the road and knew that he was approaching a hill which entered a right-hand curve. Lynn applied his brakes while coming down the hill, but lost control and went left of center due to ice on the road. Lynn crashed head on into Anderson's vehicle.
Lynn's cruiser was equipped with a disk which monitors the cruiser's speed at any given time of the day. At the time of the accident, the graph disk registered a peak speed of seventy-two m.p.h. then dropped off sharply. Lynn had not activated his oscillating lights or his audible siren while responding to the call.
On December 15, 1997, Anderson and his wife, Juanita, filed a complaint against Lynn in his capacity as deputy sheriff and Rodenberg as the Clermont County Sheriff. The Andersons also named Dorsey, Proud, and Martin as defendants in their capacity as Clermont County Commissioners. Finally, the Andersons named State Farm Insurance Company as a defendant seeking reimbursement under their insurance policy.
On June 4, 1998, a motion for summary judgment was filed on behalf of Lynn, Rodenberg, Dorsey, Proud, and Martin asserting governmental immunity as an absolute defense. In its October 13, 1998 decision, the trial court denied summary judgment, finding that reasonable minds could conclude that Lynn's conduct was wanton or reckless and that immunity should not apply. Lynn, Rodenberg, Dorsey, Proud, and Martin appealed the trial court's decision raising the following single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS/APPELLANTS, WILLIAM LYNN, ALBERT J. RODENBERG, MARTHA DORSEY, ROBERT PROUD AND RICHARD MARTIN, IN DENYING THEIR MOTION FOR SUMMARY JUDGMENT.
Civ.R. 56(C) provides that summary judgment is appropriate where, (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made, that party being entitled to have the evidence construed most strongly in its favor. Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66. This court reviews the trial court's decision to deny summary judgment de novo. See Jones v.Shelly Co. (1995), 106 Ohio App.3d 440, 445.
R.C. 2744.02(B)(1) provides that "political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees upon the public roads when the employees are engaged within the scope of their employment and authority." However, a complete defense to liability exists if "[a] member of a municipal corporation police department or any other police agency was operating a motor vehicle while responding to an emergency call and the operation of the vehicle did not constitute willful or wanton misconduct." R.C. 2744.02(B)(1)(a). Therefore, Rodenberg, Dorsey, Proud, and Martin are immune from liability unless Lynn's actions were willful or wanton.
Similarly, R.C. 2744.03(A)(6)(b) provides that an employee of a political subdivision is immune from liability unless the employee acted "with malicious purpose, in bad faith, or in a wanton or reckless manner." Therefore, Lynn is personally immune from liability unless his conduct was wanton or reckless.[1]
For purposes of analyzing conduct which may be characterized as willful, wanton, or reckless, this court has previously stated:
 The Supreme Court of Ohio has determined that an individual acts "recklessly" when "he `does an act or intentionally fails to do an act which is in his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.'" This standard may also be applied to characterize conduct as "willful and wanton."
Lipscomb v. Lewis (1993), 85 Ohio App.3d 97, 102 (citations omitted).
Similarly, the First District Court of Appeals has consolidated the analysis of these immunity statutes, stating that "for purposes of the immunity afforded under R.C. Chapter 2744, `wanton or reckless' misconduct under R.C. 2744.03(A)(6) may be viewed as the functional equivalent of `willful or wanton misconduct' under R.C. 2744.02(B)(1)(b)."[2] Brockmanv. Bell (1992), 78 Ohio App.3d 508, 516. See, also, Herwehv. Bailey (Oct. 23, 1996), Hamilton App. No. C-960177, unreported.
In Lipscomb, this court found as a matter of law that no genuine issue of fact existed, immunity applied, and summary judgment was appropriate. However, Lipscomb is factually distinguishable from the case at bar. In Lipscomb, an ambulance driver collided with another vehicle as it crossed an intersection. The evidence showed that the driver slowed his vehicle as he approached the intersection. Lipscomb at 102. The driver then proceeded through the intersection at ten to fifteen m.p.h. where the posted speed limit was twenty-five m.p.h. Id. We found that the driver's actions in Lipscomb demonstrated caution, and therefore his conduct could not have been willful, wanton, or reckless. Id. In contrast, Lynn's actions present a much different scenario. It is undisputed that Lynn failed to activate the oscillating lights or emergency siren,[3] and he was traveling in excess of seventy m.p.h. where the posted speed limit was fifteen m.p.h. Further, appellee testified that the road was icy at the time of the crash.
The First District Court of Appeals has stated that "because the line between willful and wanton misconduct and ordinary negligence can be a fine one, the issue of whether conduct was willful or wanton should be submitted to the jury for consideration in light of the surrounding circumstances when reasonable minds might differ as to the import of the evidence."Brockman, 78 Ohio App.3d at 517. Similarly, the Third District Court of Appeals stated, "[t]he issue of wanton misconduct is normally a jury question." Edinger v. Bd. of Allen Cty.Commrs. (Apr. 26, 1995), 1995 Ohio App. LEXIS 1974, *5, citingMatkovich v. Penn Cent. Transp. Co. (1982), 69 Ohio St.2d 210.
After reviewing the record, we believe it is a jury question whether Lynn's actions or omissions constituted willful, wanton, or reckless misconduct. A genuine issue of fact does exist because, under the circumstances of this case, reasonable minds could conclude that Lynn acted willfully, wantonly, or recklessly. The trial court correctly denied appellants' motion for summary judgment, and appellants' assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.
[1] Appellees do not assert that Lynn acted with malicious purpose or in bad faith.
[2] We note that this case involves R.C. 2744.02(B)(1)(a) rather than 2744.02(B)(1)(b); however, the same analysis applies to both.
[3] Displaying lights and use of a siren are not requirements for governmental immunity; however, lack of lights and siren combined with other circumstances may be found by a reasonable trier of facts to be willful, wanton, or reckless misconduct. See, generally, Lipscomb, 85 Ohio App.3d 97.