OPINION
Plaintiffs-appellants, Linda Gentile on behalf of herself and her minor son Steven Gentile, appeal a decision of the Mahoning County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Susan Williams.
On October 3, 1993, Steven Gentile (Steven) was assaulted by three youths while fishing in Yellow Creek Park. Steven suffered head and neck injuries for which he sought treatment and incurred medical expenses.
On October 3, 1995, plaintiff-appellant, Linda Gentile, on her own behalf and as parent and natural guardian of plaintiff-appellant, Steven Gentile, commenced an action against defendant Mill Creek Metropolitan Park District (Mill Creek Park), owner of Yellow Creek Park, for the personal injuries suffered by Steven in the assault. Mill Creek Park moved to dismiss appellants' action on statutory immunity grounds. While that motion was pending, appellants voluntarily dismissed the complaint pursuant to Civ.R. 41 on April 1, 1996.
On March 27, 1997, appellants filed a second complaint. The complaint named as party defendants (1) Mill Creek Park, (2) defendant-appellee, Susan Williams (Williams), the officer assigned to foot patrol duties in the park, (3) and the three youths involved in the assault and their parents. Appellants alleged that Mill Creek Park had a duty to maintain proper and adequate security for the general safety of park visitors, including Steven. Appellants also alleged that Williams was not at her assigned post at the time of the assault, and in abandoning her post acted in a "negligent, reckless, malicious and intentional manner" exposing Steven to danger.
On April 16, 1997, Mill Creek Park filed a motion pursuant to Civ.R. 12 (B) (6) to dismiss appellants' complaint for failure to state a claim upon which relief could be granted. In the motion, Mill Creek Park argued that Ohio's Recreational User Statute, R.C. 1533.181, absolved it from liability for any injuries suffered by Steven. In addition, Mill Creek Park argues that it was immune from liability for Steven's injuries under governmental tort immunity.
On May 22, 1997, Williams filed a motion for summary judgment arguing that she too was entitled to governmental tort immunity. On October 23, 1997, appellants filed a motion in opposition to the motions filed by Mill Creek Park and Williams.
On November 25, 1998, the trial court granted Mill Creek Park's motion to dismiss. The court found that Mill Creek Park was immune from liability based upon the recreational user statute and governmental tort immunity. The court also granted Williams' motion for summary judgment based on governmental tort immunity. This appeal followed.
Appellants' sole assignment of error is directed towards the trial court's decision only to the extent that it granted summary judgment in favor of Williams. Appellants have not assigned as error that part of the trial court's decision granting Mill Creek Park's motion to dismiss. Appellants' sole assignment of error states:
 "THE COURT ERRED IN GRANTING A MOTION FOR SUMMARY JUDGMENT IN FAVOR OF THE PARK POLICE OFFICER BY DECIDING IMPORTANT ISSUES OF FACT."
An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105. Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis DayWarehousing Co. (1976), 54 Ohio St.2d 64, 66; Civ.R. 56 (C).
 "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence
of the type listed in Civ.R. 56 (C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. * * *" (Emphasis sic.) Dresher v. Burt (1996), 75 Ohio St.3d 280, 293
The "portions of the record" or evidentiary materials listed in Civ.R. 56 (C) include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. The court is obligated to view all the evidentiary material in a light most favorable to the nonmoving party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317.
 "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56 (E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Dresher, 75 Ohio St.3d at 293
The crux of appellants' cause of action is that Mill Creek Park failed to provide adequate police protection. With respect to Williams, appellants' complaint alleges that she "failed to take proper precaution for the safety of [Steven] in that [she] knew or should have known of the danger of criminal activity, misconduct, and undisciplined behavior by others who did not have a purpose for being in the park." Appellants' Complaint, paragraph 6. Appellants also allege that Williams "was not at [her] assigned post and duty at the incident complained of herein." Id. Appellants' conclude that Williams "acted in a negligent, reckless, malicious, and intentional manner, exposing [Steven] to the dangers herein complained of." Id.
Park districts in Ohio are political subdivisions of the State which perform governmental functions. Village ofWilloughby Hills v. Board of Park Commrs. (1965), 3 Ohio St.2d 49,51. As such, the tort liability of a park district and its employees is limited by the political subdivision immunity conferred by Ohio Revised Code Chapter 2744. See Schaffer v.Board of Trustees of Franklin Cty. Veterans Memorial (1960),171 Ohio St. 228, 231.
Determining whether a political subdivision is immune from liability entails a three-tier analysis. Cater v. Cleveland
(1998), 83 Ohio St.3d 24, 28. The first tier is simply a statement of the general rule that political subdivisions are immune from tort liability. Id. Specifically, R.C.2744.02 (A) (1) provides in relevant part:
 "Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." (Emphasis added.)
At the second tier, immunity can be removed under any one of five exceptions to immunity. The immunity afforded to political subdivisions under R.C. 2744.02 (A) (1), by its express terms, is subject to the five exceptions listed in R.C.2744.02 (B). Cater, 83 Ohio St.3d at 28.
At the third tier, immunity can be reinstated if the political subdivision can successfully argue an available defense. The exceptions set forth in R.C. 2744.02 (B), by its express terms, are subject to the defenses listed in R.C.2744.03.
Under R.C. 2744.03, in addition to the blanket immunity enjoyed by the political subdivision, an individual employee is granted immunity in performing a governmental or proprietary function unless one of the following applies: (a) his acts or omissions were manifestly outside the scope of his employment or official responsibilities, (b) his acts or omissions were with malicious purpose, in bad faith, or conducted in a wanton or reckless manner, or (c) liability is expressly imposed upon the employee by another section of the Revised Code. R.C.2744.03 (A) (6) (a-c); Harris v. Kennedy (1996), 116 Ohio App.3d 687,691.
Turning to the case at hand, we begin at the first tier with the general rule of blanket immunity. At the second tier, appellants conceded in the proceedings below that none of the five exceptions listed in R.C. 2744.02 (B) are applicable. Pursuant to R.C. 2744.01 (C) (2) (a), the provision or non-provision of police services or protection is a governmental function and does not fall within any of the exceptions listed in R.C. 2744.02 (B). Drexler v. Greater Cleveland RegionalTransit Auth. (1992), 80 Ohio App.3d 367, 372. Instead, appellants attempt to establish liability under R.C.2744.03 (A) (6). However, only those exceptions found in R.C.2744.02 (B) provide this ability. R.C. 2744.03 provides defenses to liability only, and cannot be used to establish liability.Cater, 83 Ohio St.3d at 32; Abdalla v. Olexia (Oct. 6, 1999), Jefferson App. No. 97-JE-43, unreported, 1999 WL 803592 at *8.
Furthermore, it is axiomatic. that no liability for an injury exits without a duty which exists and breach of that duty which proximately causes damage to a given defendant. Abdalla,
1999 WL 803592 at *11. Here, appellants set up R.C.2744.03 (A) (6) (a-b) in an attempt to establish some "duty" owed by Williams. Again, R.C. 2744.03 provides defenses to liability only, and cannot be used to establish liability. Cater,83 Ohio St.3d at 32; Abdalla, 1999 WL 803592 at *8. Therefore, there is no duty owed by Williams which can be found in law.
To the extent that Williams owed appellants any duty at all, it cannot be said that (1) Williams' acts or omissions were manifestly outside the scope of her employment or official responsibilities or (2) that her acts or omissions were with malicious purpose, in bad faith, or conducted in a wanton or reckless manner. Appellants' motion in opposition to summary judgment was supported only with the affidavit of Lisa Becker. Becker, who was also in the park on the evening in question, was the person who first rendered assistance to Steven. She stated that she did not see a police officer in the park that evening. Becker's failure to see a police officer in the park is insufficient to create a genuine issue of material fact. Williams could have been in another area of the park when the assault took place. Therefore, reasonable minds could only conclude that Williams was entitled to judgment as a matter of law.
Accordingly, appellants' sole assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
Cox, J., concurs, Vukovich, J., concurs
 ____________________ Gene Donofrio, Judge