[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Christopher Aughney, Administrator of the estate of his deceased daughter McKenzie Aughney, appeals from the judgment of Henry County Court of Common Pleas, dismissing on a motion for summary judgment, his tort action against: the Henry County Department of Human Services (HCDHS); James Levinson, Director, Diana Toth, Kelly McMaster, Renee Petzoldt and Henry County Commissioners: Richard Bennett, Richard Bertz and Rita Franz. ("the Appellees").
As stated in Judge James Barber's decision on Summary Judgment:
 * * * the gravamen of Plaintiff's Compliant against [the Henry County defendants] is that they allegedly failed in their duty to properly safeguard a young child, McKenzie Aughney, by placing her in the custody of her mother, after having failed to properly investigate certain abuse allegations, and after having failed to properly evaluate or monitor Jill Aughney's abilities to parent her child."
(Judgment Entry p. 4).
McKenzie Aughney was born on May 26, 1993 to parents Christopher and Jill Aughney. On November 18, 1994, McKenzie was injured when left unattended in a bathtub by Jill Aughney. McKenzie died on November 20, 1994 as a result of those injuries.
Prior to her injury, McKenzie was declared an abused and dependant child by the Henry County Juvenile Court on November 3, 1994. In that case, the court found that Christopher Aughney, appellant herein, picked McKenzie up by her hair and threw her. McKenzie was placed in the custody of Jill Aughney, subject to protective supervision by HCDHS as set forth in a case plan. Christopher Aughney was ordered to vacate the marital residence.
After McKenzie's death, Christopher, as Administrator of McKenzie's estate, brought an action against Jill Aughney and the Appellees alleging they wrongfully caused McKenzie's death. The Appellees moved for summary judgment claiming they are immune from liability as a matter of law. The trial court granted their motion. Christopher Aughney appeals that judgment, raising one assignment of error.
 I. The Trial Court erred in holding that the Henry County Dept. of Human Services, and the other listed defendants are immune from liability pursuant to R.C. Sec. 2744.02(b).
Appellant's complaint alleges that McKenzie's death was
 * * * proximately caused by the wanton, grossly negligent, and reckless act of [HCDHS and its employees] . . . in that without proper investigation and with knowledge of the inability of Jill Aughney to properly care for and parent [McKenzie] th[e] [HCDHS] defendant[s] caused and advocated that [McKenzie] be placed in the care of Jill Aughney when [the] defendant[s] knew or should have known that serious physical harm up to and including death would result.
Appellant also claimed the three Henry County Commissioners are liable for the wrongful acts of HCDHS employees. Appellees denied these allegations and successfully moved for summary judgment on the basis that HCDHS and its employees were immune from liability as a matter of law.
When reviewing a determination on a motion for summary judgment, an appellate court's review is independent of the trial court's judgment. Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 536 N.E.2d 411, causedismissed, 39 Ohio St.3d 710, 534 N.E.2d 94. Summary judgment is available under Ohio Civ.R. 56(C) when the movant establishes the following: 1) that there is no genuine issue as to any material fact; 2) the moving party is entitled to judgment as a matter of law; and 3) that reasonable minds can come to but one conclusion and, viewing the evidence most strongly in favor of the non-moving party, that conclusion is adverse to the non-moving party. Bosticv. Connor (1988), 37 Ohio St.3d 144, 524 N.E.2d 881.
Generally, political subdivisions are not liable in damages from civil actions for injury or death allegedly caused by any act or omission by the political subdivision or an employee of a political subdivision in connection with a governmental or proprietary function. R.C. § 2744.02(A)(1). A county is a political subdivision pursuant to R.C. § 2744.01(F). Though a department of human services is not listed as a political subdivision, "departments of human services are the instrumentalities through which the political subdivisions carry out governmental functions." Wilson v. Stark County DHS (1994),70 Ohio St.3d 450, 452, 639 N.E.2d 105, 107. Accordingly, the immunity afforded to a county as a political subdivision extends to a department of human services within that county. Id. at 453.
Here, the Appellees submitted five affidavits in support of their motion for summary judgment. James Levinson, the director of HCDHS, stated in his affidavit that HCDHS is a government agency within the political subdivision of Henry County. The remaining four affidavits are statements by present and former employees of HCDHS. All HCDHS employees stated that they acted in a professional manner with the Aughney family during their investigation and harbored no ill will or malice towards either Christopher or Jill Aughney. The employees stated further that they acted pursuant to their official duties as caseworkers or supervisors. No employee recalled any report alleging that Jill Aughney was suspected of abusing McKenzie just prior to her death.
Appellant concedes that HCDHS is a governmental agency entitled to political subdivision immunity. Appellant contends, however, that the trial court erred when determining that HCDHS was immune from liability as a matter of law because a genuine issue of fact exists as to whether an exception to immunity is present here.
Appellant, made two arguments in opposition to summary judgment. First, Appellant stated that HCDHS is not immune from liability because its employees violated a statute which requires prompt investigation into reports of child abuse. Specifically, Appellant argued that HCDHS failed to investigate a report made to the agency "shortly before November 18, 1994 that McKenzie was in danger from her mother." (Appellant's brief in opposition to summary judgment). In addition, Appellant argued that HCDHS failed to follow a case plan adopted by the Henry County Juvenile Court for the protective supervision of McKenzie.
However, in Appellant's response to summary judgment, filed the same day as the Appellees' motion therefore, the Appellant attached no supporting affidavits and made no references to facts disclosed by material in the record to indicate that a genuine issue for trial was present. Civil Rule 56(E) requires the adverse party to a motion for summary judgment to respond, "by affidavit or as otherwise provided in this rule," with evidence tending to show that a genuine issue for trial exists. Mere arguments of counsel are not evidence and are not the type of material contemplated by Civ.R. 56(E) to effectively counter a motion for summary judgment. See, Civ.R. 56(C).
Appellant has attempted to supplement the record for appeal with documents relating to a case plan. (See, Appellant's "Statement of Proceedings Pursuant to App. R. 9(C)," filed in the Henry County Court of Common Pleas on June 9, 1998). Appellate Rule 9(C), however, allows a party to state to an appellate court the nature of the evidence actually before a trial court "[i]f no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable." App. R. 9(C). Here, the case plan presented by Appellant is not a statement of the evidence, but rather new evidence, filed after the trial court ruled on the motion for summary judgment.
Appellate review is limited to the "original papers and exhibits thereto filed in the trial court, transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court." App. R. 9(A), see also, Sanders v. Webb, (1993), 85 Ohio App.3d 674,621 N.E.2d 420. Accordingly, Appellant's supplemental material may not be considered by this court. App. R. 9(A).
The Civil Rules state that once the moving party has presented evidence to support their motion for summary judgment, the nonmoving party may "not rest upon the mere allegations or denials of the . . . pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Drescher v. Burt (1996), 75 Ohio St.3d 280,662 N.E.2d 264. Accordingly, because Appellant has rested on the allegations in his complaint and the Appellees have demonstrated there exists no factual dispute as to whether HCDHS is immune from liability as a political subdivision, summary judgment was properly granted to Appellees on that issue.
The Appellant also alleged that employees of HCDHS were individually liable to McKenzie's estate because they wantonly or recklessly caused her death. Though an employee of a political subdivision is generally immune from liability, an exception to immunity exists where "the employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner." R.C. § 2744.03(A)(6)(b). Wanton or reckless conduct has been described as acting in "perverse disregard of a known risk."Poe v. Hamilton (1990), 56 Ohio App.3d 137, 138, 565 N.E.2d 887,889.
Here, the HCDHS employees named as defendants all stated by affidavit that they acted within the scope of their employment, in a professional manner and harbored no ill will or malice towards the Aughneys. Again, Appellant has set forth no evidence tending to show the contrary. Because there is no issue of fact as to whether any HCDHS employee is liable under an exception to immunity as set forth in R.C. § 2744.03(A)(6), the employees of HCDHS are also entitled to judgment as a matter of law. Civ.R. 56(C).
Finally, Appellant alleged the three Henry County Commissioners were liable for the wrongful acts of HCDHS employees which caused the death of McKenzie. However, as noted above, because there is no dispute of fact with respect to whether any HCDHS employee acted outside the scope of their employment or is otherwise responsible for the death of McKenzie, there is no basis upon which vicarious liability could attach to the individual county commissioners.
Accordingly, the trial court properly granted summary judgment in favor of the Appellees. Appellant's assignment of error is overruled.
Judgment affirmed.
 HADLEY and EVANS, JJ., concur.