963 F.2d 374
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George YAKUBEK and Nancy Yakubek, Plaintiffs-Appellants,
v.
Donald REX, et al., Defendants-Appellees,
 No. 91-3541.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1992.
 
 Before KEITH, and BOYCE F. MARTIN, Jr., Circuit Judges; and BELL, District Judge.**
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants George Yakubek and Nancy Yakubek appeal the district court's dismissal of their action pursuant to F.R.Civ.P. 12(b)(6).
 
 
 2
 Plaintiffs brought this action pursuant to 42 U.S.C. § 1983 and the Education for the Handicapped Act (EHA), 20 U.S.C. § 1400, et seq. Plaintiffs' original complaint was dismissed for failure to exhaust their administrative remedies. However, upon reconsideration the court vacated the dismissal and granted leave to file an amended complaint. Plaintiffs' amended complaint asserted a claim for violation of the EHA, a claim for violation of the constitutional right to due process, and 9 claims for violation of state law.
 
 
 3
 The Court dismissed the federal claims for failure to state a claim and declined to exercise pendent jurisdiction over the state claims. Plaintiffs appealed the dismissal.
 
 I.
 
 4
 Whether the district court correctly dismissed plaintiffs' claims pursuant to 12(b)(6) is a question of law subject to de novo review. Craighead v. E.F. Hutton & Co., Inc., 899 F.2d 485, 489 (6th Cir.1990). In evaluating a complaint in light of a Rule 12(b)(6) motion, the district court must accept all of the plaintiffs' allegations as true and resolve every doubt in their favor. Id. The Court uses particular care in reviewing dismissals of civil rights complaints:
 
 
 5
 Dismissals of complaints under the civil rights statutes are scrutinized with special care. A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant. Rule 8(a)(2) simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed.R.Civ.P. 8(a)(2). All a complaint need do is afford the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." A motion to dismiss under Rule 12(b)(6) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."
 
 
 6
 Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir.1976) (citations omitted), quoted in, e.g., Jones v. Duncan, 840 F.2d 359, 361 (6th Cir.1988); Brooks v. American Broadcasting Companies, Inc., 932 F.2d 495, 497 (6th Cir.1991)).
 
 
 7
 Upon review of the allegations in plaintiffs' amended complaint, we find that the district court erred in dismissing the federal claims and the claim for educational malpractice for failure to state a claim upon which relief can be granted.
 
 II.
 
 8
 Plaintiffs allege that George Yakubek is a behaviorally handicapped child and that defendants disciplined and penalized him for his chronic behavior problems instead of carrying out their duties under the EHA to reevaluate him upon his exhibition of continual disruptive conduct.
 
 
 9
 In Count I, under the heading "Protected Right of Personhood", plaintiffs allege:
 
 
 10
 p 23. Defendants' conduct as set forth above, and particularly the policy and practice of systematic punishment and the use of aversive techniques which permitted Plaintiff George Yakubek to suffer, were in direct conflict with Plaintiff's fundamental right of personhood. Defendants' actions, under color of state law, were an affront to the basic liberty protected by the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.
 
 
 11
 In dismissing this count for failure to state a claim the district court stated:
 
 
 12
 Plaintiffs assert a "fundamental right of personhood" which was allegedly violated by the defendants' actions. This Court has found no authority for the existence of such a right. Plaintiffs do not provide any law or argument to support their contention that such a right exists, nor do they explain how they derive this "fundamental right" from the "liberty" provisions of the due process clauses, nor do they describe the parameters of this asserted right. This Court concludes that there is no "fundamental right of personhood" as plaintiffs claim, and therefore will dismiss plaintiff's claim under 42 U.S.C. § 1983 for failure to state a claim.
 
 
 13
 The district court erred in dismissing this count for plaintiffs' failure to specify the precise parameters of their legal theory. The Federal Rules of Civil Procedure have rejected code pleading. Federal pleading is by statement of claim, not by legal theory. Flickinger v. Harold C. Brown & Co., 947 F.2d 595, 600 (2nd Cir.1991); F.R.Civ.P. 8(a). Legal theories of recovery need not be spelled out as long as the relevant issues are sufficiently implicated by the pleadings. Connecticut General Life Ins. Co. v. Universal Ins. Co., 838 F.2d 612, 622 (1st Cir.1988); See also 2A J. Moore & J. Lucas, Moore's Federal Practice p 8.14 (1991). "Instead of asking whether a complaint points to the appropriate statute, a court should ask whether relief is possible under any set of facts that could be established consistent with the allegations." Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1078 (7th Cir.1992).
 
 
 14
 Plaintiffs have alleged that George Yakubek was repeatedly suspended from school, excluded from educational programs, physically and emotionally abused, and otherwise punished for behaviors that are typical of a child with his handicap. They allege that the child was not reevaluated and not given an appropriate educational placement as required under the EHA. They further allege that defendants disclosed the child's confidential school records without his mother's consent. Such actions, they claim, violated their fundamental right of personhood. They also suggest on appeal that their jurisdictional allegations are sufficient to indicate that their § 1983 claim is also based upon violations of the EHA.
 
 
 15
 Like the district court, we are unable to find any authority for a claim based upon the violation of a "fundamental right of personhood". Nevertheless, because we accept plaintiffs allegations as true and resolve every doubt in their favor, and because plaintiffs are alleging (however imprecisely) violations of the EHA, we cannot say that plaintiffs can prove no set of facts in support of their claim under 42 U.S.C. § 1983. For these reasons, it was error to dismiss Count I for failure to state a claim.
 
 III.
 
 16
 In dismissing Count II of plaintiffs' amended complaint for failure to state a claim, the district court held that the claim for injunctive relief was moot and that the damages sought are not available under the EHA.
 
 
 17
 The district court correctly observed that it only has jurisdiction to order injunctive relief if there is a reasonable likelihood that plaintiffs will again suffer the deprivation of EHA-mandated rights that gave rise to the suit. Honig v. Doe, 484 U.S. 305, 318 (1988). In determining that plaintiffs' claims for injunctive relief are moot, the district court found that the plaintiff child is no longer a student in the Girard City School District.
 
 
 18
 We have reviewed the amended complaint and find no allegation to support the district court's finding. Plaintiffs merely allege that the child attended school in the district during the 1987-88, 1988-89 and 1989-90 school years. The complaint does not allege where the child attended school or where the child resided after 1990. There is no allegation in the amended complaint that the child no longer resides in the school district. Neither is there any allegation that the child is not likely to attend school in the district in the future.
 
 
 19
 Because the motion under Rule 12(b)(6) is directed solely to the complaint itself, extrinsic evidence cannot be considered in determining whether the complaint states a claim. Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir.1983). If the court considers material other than the pleadings it must convert the 12(b)(6) motion into a motion for summary judgment under Rule 56 and allow the parties the opportunity to present all material made pertinent to such a motion by Rule 56. F.R.Civ.P. 12(b).
 
 
 20
 Since it appears that the district court considered extrinsic evidence without converting the motion to dismiss into a motion for summary judgment under Rule 56, the district court's finding that plaintiffs failed to state a claim for injunctive relief under the EHA must be reversed.
 
 
 21
 In its determination that the compensatory tort-type damages sought are not available to plaintiffs under the EHA, the district court narrowly construed plaintiffs' claim as one seeking damages under the EHA. The district court correctly determined that the EHA does not generally provide for such damages. See Smith v. Robinson, 468 U.S. 992, 1020 (1984).
 
 
 22
 In Smith the Supreme Court analyzed the EHA's extensive remedial scheme and determined that Congress intended the EHA to be the exclusive remedy, thus precluding a separate action under § 1983 for violations of the EHA. Id. at 1013. Subsequent to Smith, however, Congress amended the EHA to provide that the EHA is not an exclusive remedy. 20 U.S.C. § 1415(f). Violations of the EHA have now been found to support damage claims under 42 U.S.C. § 1983. See e.g., Angela L. v. Pasadena Indep. School Dist., 918 F.2d 1188, 1193 n. 3 (5th Cir.1990); Rogers v. Bennett, 873 F.2d 1387, 1389 n. 2 (11th Cir.1989); Digre v. Roseville Schools Independent Dist. No. 623, 841 F.2d 245, 249-50 (8th Cir.1988); Mrs. W. v. Tirozzi, 832 F.2d 748, 754-55 (2nd Cir.1987); Board of Educ. of East Windsor Regional School v. Diamond, 808 F.2d 987, 995-96 (3rd Cir.1986).
 
 
 23
 Although plaintiffs' poorly drafted complaint obscures the legal claims, it can be read to state a claim for damages under 42 U.S.C. § 1983 for violations of the EHA. That plaintiffs failed to specifically allege a § 1983 claim in conjunction with their EHA claim cannot preclude them from recovering on a § 1983 claim, should the allegations show and the proof support such a claim. See Greene v. City of Memphis, 535 F.2d 976, 978 (6th Cir.1976).
 
 
 24
 For the reasons stated, the district court's dismissal of plaintiffs' EHA claim for mootness and for failure to state a claim for damages must be reversed.
 
 IV.
 
 25
 Although the district court declined to exercise pendent jurisdiction over 8 of plaintiffs' state law claims, it dismissed plaintiffs' state law claim for educational malpractice with prejudice.
 
 
 26
 The district court dismissed plaintiffs' educational malpractice claim on the basis that Poe v. Hamilton, 56 Ohio App.3d 137 (Warren App.1990), "plainly holds that Ohio does not recognize a cause of action for educational malpractice, as a matter of public policy." We do not read Poe v. Hamilton as excluding all conceivable claims for educational malpractice, and therefore reverse the district court's dismissal for failure to state a claim.
 
 V.
 
 27
 For the foregoing reasons, the district court's dismissal of plaintiffs' first amended complaint is REVERSED and this case is REMANDED for further proceedings not inconsistent with this opinion. In reversing the district court's dismissal, we intimate no evaluation whatsoever as to the merits of plaintiffs' claims or whether it will be possible for plaintiffs to support them by proof. We do note that defendants' mootness and exhaustion arguments might be appropriately addressed in a properly supported motion for summary judgment.
 
 
 
 **
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation