Ida KENNEDY, et al., Plaintiffs,

v.

**UNITED HEALTHCARE OF OHIO, INC., Defendant.**

No. 98CV000128.

United States District Court,
S.D. Ohio,
Eastern Division.

March 31, 1999.

Robert Armand Perez, Cincinnati, OH, Ellen M Doyle, Malakoff Doyle & Finberg PC, Pittsburgh, PA, for Plaintiffs.

Marion H Little, Zeiger & Carpenter-2, Columbus, OH, for defendant.

### *ORDER*

MARBLEY, District Judge.

This matter is before the Court on Defendant United Healthcare of Ohio, Inc.'s ("United Healthcare") Motion to Dismiss Counts II, III, and IV of Plaintiffs' Complaint. United Healthcare is a health maintenance organization ("HMO") that provides medical, hospital, major medical, comprehensive and other medical related benefits to Ohio plan participants and beneficiaries. Plaintiffs, Ida Kennedy and John L. Kennedy, Jr., on behalf of themselves and as guardians of Ashley Kennedy, a minor, and Suzanne Rhoads and Douglas Rhoads, on behalf of themselves (collectively "Plaintiffs"), bring this class action suit pursuant to FED.

R.CIV.P. 23, alleging violations of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.* For the following reasons, Defendant's Motion is **GRANTED.**

## I.

Mrs. Kennedy and Mrs. Rhoads are employed by Thompson Consumer Electronics in Circleville, Ohio. Kennedy and Rhoads are participants in an United Healthcare ERISA health and welfare plan ("the plan") sponsored by Thompson Consumer Electronics. Plaintiffs allege that during the 1980's United Healthcare negotiated agreements with healthcare providers whereby United Healthcare would pay less for the medical services provided to plan participants and beneficiaries than the amount actually billed by the providers. Plaintiffs contend that United Healthcare issued false explanations of benefits misrepresenting the percentage paid for benefit services by United Healthcare to healthcare providers. Consequently, Plaintiffs allege, United Healthcare paid less than its represented percentage share for medical services billed by providers, while plan participants paid more than their represented percentage share of expenses actually incurred from such providers.

Plaintiffs filed this class action on February 2, 1998, alleging four claims for relief, styled as Counts I through IV:(1) breach of contract pursuant to 29 U.S.C. § 1132(a)(1)(B) to recover benefits due under the terms of the plan and to enforce the rights under the terms of the plan; (2) breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(3); (3) to clarify and enforce the rights of policyholders under the terms of the plan and to recover for excessive payments made by participants and beneficiaries; and (4) an accounting under 29 U.S.C. § 1132(a)(3) to recover amounts due to Plaintiffs.

## II.

In considering a Rule 12(b)(6) motion to dismiss, this Court is limited to evaluating whether a plaintiff's complaint sets forth allegations sufficient to make out the elements of a cause of action. *See Windsor v.*

*The Tennessean,* 719 F.2d 155, 158 (6th Cir. 1983), *cert. denied,* 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984). A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lillard v. Shelby County Bd. of Educ.,* 76 F.3d 716, 724 (6th Cir.1996) (*quoting Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). This Court must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Conley,* 355 U.S. at 45–46, 78 S.Ct. 99. While the complaint need not specify every detail of a plaintiff's claim, it must give the defendant "fair notice of what the defendant's claim is and the grounds upon which it rests." *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir.1994). While liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir.1993). A complaint must contain either direct or inferential allegations with respect to all the material elements necessary to sustain a recovery under some viable legal theory. *See id.*

## III.

ERISA is a statutory scheme designed to protect the interests of participants of employee benefit plans and their beneficiaries. *See* 29 U.S.C. § 1001(b). Generally, ERISA protects employee pensions and other benefits by providing insurance, specifying certain plan characteristics in detail, and by setting forth certain general fiduciary duties applicable to the management of both pension and nonpension benefit plans. *See Varity Corp. v. Howe,* 516 U.S. 489, 496, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). "ERISA applies to all pension plans ... that are established or maintained by an organization representing employees engaged in commerce or in an industry affecting commerce." *Bagsby v. Central States, Southeast & Southwest Areas Pension Fund,* 162 F.3d 424, 428 (6th Cir. 1998). 29 U.S.C. § 1109 imposes liability on individuals who breach fiduciary duties with respect to ERISA covered benefit plans.

Section 1109(a) provides in part that "any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries ... shall be personally liable to make good to such plan any losses to the plan resulting from each such breach." Section 1109(a) also provides for the imposition of "other equitable or remedial relief as the court may deem appropriate."

The civil provisions of ERISA are enforced under 29 U.S.C. § 1132, which authorizes six types of civil actions that may be brought by various parties. Relevant to our inquiry is § 1132(a), which provides in part:

> (a) Persons empowered to bring a civil action
>
> A civil action may be brought—
>
> (1) by a participant or beneficiary—
>
> (A) for the relief provided for in subsection (c) of this section, or
>
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>
> (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (1) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a). In this case, Plaintiffs bring their action under §§ 1132(a)(1)(B) and 1132(a)(3).

United Healthcare's Motion to Dismiss presents two issues: (1) whether Count II and IV of Plaintiffs' Complaint alleging breach of fiduciary duty and an accounting under § 1132(a)(3) can be maintained when Plaintiffs also assert a claim to recover benefits and enforce the terms of the plan pursuant to § 1132(a)(1)(B); and (2) whether Plaintiffs' claim to clarify and enforce the rights of policyholders under the terms of the plan and to recover for excessive payments

expended is duplicitous of their breach of contract claim under § 1132(a)(1)(B) and, therefore, should be dismissed.

### A. Counts II and IV

United Healthcare moves to dismiss Counts II and IV of Plaintiffs' Complaint arguing that the Supreme Court's decision in *Varity Corp. v. Howe*, 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996), prohibits this Court from granting "appropriate equitable relief" under § 1132(a)(3) as Plaintiffs can directly assert claims for benefits due under the terms of the plan pursuant to § 1132(a)(1)(B). The Court agrees.

■ First, United Healthcare argues that Counts II and IV of Plaintiffs' Complaint should be dismissed because these claims seek individual recovery under § 1132(a)(3), as opposed to recovery that will inure to the benefit of the plan as a whole. Such argument is misplaced, however, as the *Varity* Court held that § 1132(a)(3) is "broad enough to cover individual relief for breach of a fiduciary obligation." *Id.* at 510, 116 S.Ct. 1065. Accordingly, the *Varity* Court concluded that "individual plan participants can now bring suit under § 1132(a)(3) in their individual capacity." *Allinder v. Inter-City Products Corp. (USA)*, 152 F.3d 544, 551 (6th Cir.1998). Thus, under *Varity*, a plaintiff can bring suit seeking individual equitable relief under § 1132(a)(3); however, the availability of such equitable relief is subject to limitations. See *Varity*, 516 U.S. at 512, 116 S.Ct. 1065; *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609 (6th Cir.1998).

■ United Healthcare also contends that Plaintiffs cannot maintain their claim for breach of fiduciary duty and demand for accounting under § 1132(a)(3) while simultaneously sustaining a claim to recover benefits or enforce the terms of the plan pursuant to § 1132(a)(1)(B). In *Varity*, the Supreme Court limited the relief afforded by § 1132(a)(3) to participants or beneficiaries who may not avail themselves of other remedies under § 1132. See *Varity*, 516 U.S. at 512, 116 S.Ct. 1065. The Supreme Court interpreted § 1132 to authorize claims for breach of fiduciary duty pursuant to

§ 1132(a)(3) only where an adequate remedy was not available under another subsection of § 1132. *See id.* In *Varity,* beneficiaries were permitted to pursue claims under § 1132(a)(3) only because no other remedy was available to them under § 1132.[1] But that is not the case here. Plaintiffs can and have pursued relief to recover benefits allegedly due under the terms of the plan and to enforce their rights under the plan pursuant to § 1132(a)(1)(B). Thus, because Plaintiffs can avail themselves of other remedies afforded by § 1132, under *Varity,* they cannot also maintain breach of fiduciary duty claims under § 1132(a)(3).

The Sixth Circuit has adopted the reasoning of *Varity* by precluding plan participants and beneficiaries from bringing breach of fiduciary duty and other equitable claims under § 1132(a)(3) when other § 1132 remedies are available. For example, in *Wilkins v. Baptist Healthcare System, Inc.,* 150 F.3d 609 (6th Cir.1998), the Court of Appeals, relying on *Varity,* rejected a claim for breach of fiduciary duty where a claim could be asserted under the terms of the plan. The Court noted that, "[b]ecause § 1132(a)(1)(B) provides a remedy for Wilkins' alleged injury that allows him to bring a lawsuit to challenge the Plan Administrator's denial of benefits to which he believes he is entitled, he does not have a right to a cause of action for breach of fiduciary duty pursuant to § 1132(a)(3)." *Id.* at 615. Thus, in this case, as in *Wilkins,* the Plaintiffs cannot maintain § 1132(a)(3) claim when § 1132(a)(1)(B) relief is available.

Plaintiffs rely on *Bagsby v. Central States, Southeast & Southwest Areas Pension Fund,* 162 F.3d 424 (6th Cir.1998), to support their position that § 1132(a)(3) claims for breach of fiduciary duty may be raised in actions seeking relief under § 1132(a)(1)(B). In *Bagsby,* the Sixth Circuit *intimated* that claims asserted under the terms of a plan and claims for breach of fiduciary duty may coexist in the same action. The *Bagsby* Court agreed that "an alleged breach of fiduciary duty may indeed be relevant to a § 502(a)(1)(B) [§ 1132(a)(1)(B) ] claim for recovery of individual benefits." *Id.* at 430. The breach of fiduciary duty claim that was asserted in *Bagsby,* however, sought relief under § 1132(a)(1)(B), not § 1132(a)(3), as in this case. In fact, the *Bagsby* Court explicitly noted "[i]t is important to recognize that the plaintiff does not bring a separate claim for breach of fiduciary duty under ERISA § 409(a), 29 U.S.C. § 1109(a), which provides liability for a plan administrator's breach of fiduciary duty." *Id.* The *Bagsby* Court, moreover, relying on the Supreme Court's ruling in *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985), noted "plaintiff did not assert a § 502(a)(2) action for breach of fiduciary duty ..., and the law would not allow him to claim individual relief in such an action in any event." *Bagsby,* 162 F.3d at 430. *Bagsby* is thus distinguishable on its facts and would not permit a breach of fiduciary duty claim under § 1132(a)(3). Indeed, *Bagsby* is consistent with *Varity* and its progeny in precluding breach of fiduciary duty claims under § 1132(a)(3) where relief is available under the terms of a plan pursuant to § 1132(a)(1)(B).[2]

Plaintiffs cannot maintain claims under § 1132(a)(3) when other remedies are available to them under § 1132. Therefore, United Healthcare's Motion to Dismiss Counts II and IV of Plaintiffs' Complaint is hereby **GRANTED.**

### B. Count III

█ United Healthcare also contends that Count III of Plaintiffs' Complaint which seeks to clarify and enforce the rights of policyholders under the terms of the plan

---

1. The beneficiaries in *Varity* could not bring claims under § 1132(a)(1)(B) because they were no longer members of the Massey–Ferguson plan and, therefore, had no benefits due them under the terms of the plan. *See Varity,* 516 U.S. at 515, 116 S.Ct. 1065. Likewise, "[t]hey could not proceed under [§ 1132(a)(2) ] because that provision, tied to § 409, does not provide a remedy for individual beneficiaries." *Id.*

2. The *Bagsby* Court addressed actions for breach of fiduciary duty brought pursuant § 502(a)(2) [§ 1132(a)(2) ], and not actions brought under § 1132(a)(3), the "catch-all" provision of § 1132, under which the Plaintiffs in this case attempt to bring their equitable claims.

and to recover for excessive payments made by participants and beneficiaries, is duplicitous of Count I, which seeks to recover benefits due under the terms of the plan and to enforce rights under the plan. The Court agrees. Plaintiffs essentially seek the same relief in Count III as they seek in Count I—namely, the benefits to which they believe they are entitled under the plan. Section 1132(a)(1)(B) provides Plaintiffs with a cause of action to recover such benefits under the terms of the plan. Thus, Count III of Plaintiffs' Complaint, on its face, is duplicitous of Count I. Plaintiffs argue, however, that Count III is premised on equitable relief under § 1132(a)(3) rather than to recover benefits under § 1132(a)(1)(B) and thus seeks distinct relief than that sought in Count I. This argument is not persuasive because, as previously discussed, Plaintiffs cannot maintain a § 1132(a)(3) claim when other § 1132 remedies are available. Therefore, United Healthcare's Motion to Dismiss Count III of Plaintiffs' Complaint is hereby **GRANTED.**

### IV.

For the foregoing reasons, United Healthcare's Motion to Dismiss Counts II, III, and IV of Plaintiffs Complaint is **GRANTED.**

**IT IS SO ORDERED.**