**Joann and Wendel GIEGER, Plaintiffs,**

v.

**UNUM LIFE INSURANCE COMPANY OF AMERICA et al., Defendants.**

No.  5:01CV2701.

United States District Court,
N.D. Ohio,
Eastern Division.

Aug. 7, 2002.

Lawrence J. Scanlon, Michael J. Elliot, Scanlon & Company, Akron, OH, for Plaintiffs.

Brett K. Bacon, Michael J. Holleran, Frantz Ward, Cleveland, OH, Harley M. Kastner, Kenneth M. Haneline, Kastner, Westman & Wilkins, Akron, OH, for Defendants.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Now before the Court is a motion by defendant Unum Life Insurance Company of America ("UNUM") to dismiss the plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike the plaintiffs' demand for a jury trial (Doc. # 8). The plaintiffs, Jo Ann and Wendell Gieger, oppose (Doc. # 30). For the following reasons, the Court grants in part and denies in part UNUM's motion.

### I. Background

The Giegers filed suit on October 26, 2001 in the Summit County Court of Common Pleas. They allege that Jo Ann Gieger was a full-time employee of defendant Children's Hospital and Medical Center of Akron ("Children's Hospital") and was a participant in an employee welfare benefit plan issued by UNUM to Children's Hospital for the benefit of its employees. The plaintiffs further allege that, on or about October 31, 1999, Jo Ann Gieger reported to Children's Hospital that she could no longer fulfill her duties at work due to poor health and medical conditions, and that she sought and was granted short term disability under the Plan. The Giegers also allege that Jo Ann Gieger was later deemed unable to return to work for any purpose, that she sought long term disability under the Plan, and that UNUM wrongfully denied her those benefits. The Giegers appear to have framed their state-court complaint as alleging three causes of action: fraud, breach of contract, and breach of fiduciary duty. UNUM, with the consent of Children's Hospital, removed the case to this Court on November 28, 2001 on the grounds that federal district courts have exclusive jurisdiction over actions to recover benefits under a plan governed by the Employee Retirement Security Income Act of 1974 ("ERISA"). UNUM filed its motion to dismiss on January 7, 2002, but proceedings in this Court were stayed pending attempted mediation. Now that referral to mediation has been terminated, UNUM's motion is ripe for review.

### II. Standard

In ruling on a motion to dismiss, this Court must construe the complaint liberally "and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir.1994). This Court need not accept as true legal conclusions, *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986), or unwarranted factual inferences, *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987). Furthermore, the weight of the evidence

and the credibility of witnesses generally are not factors to be considered when resolving a motion to dismiss; rather, a court "should deny the motion unless it is clear that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir.1995) (citation omitted).

### III. Analysis

#### A. ERISA Preemption

■ UNUM first argues that the Giegers' complaint should be dismissed because all three of their state law claims are preempted by ERISA. ERISA preempts "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan [governed by ERISA]." 29 U.S.C. § 1144(a). A law "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 139, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). "Under this 'broad common-sense meaning,' a state law may 'relate to' a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Id.* (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987)). "It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Cromwell v. Equicor–Equitable HCA Corp.*, 944 F.2d 1272, 1275 (6th Cir.1991). In this case, the plaintiffs essentially seek to recover benefits they say they were owed under the Plan, which this Court will have to interpret to adjudicate their claims. State law breach of contract claims alleging failure to provide benefits under an insurance policy are preempted by ERISA. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Cromwell*, 944 F.2d at 1276. ERISA likewise

preempts state-law claims of breach of fiduciary duty, *Smith v. Provident Bank*, 170 F.3d 609, 613 (6th Cir.1999), and of fraud, *Ky. Laborers Dist. Council Health & Welfare Fund v. Hope*, 861 F.2d 1003, 1005 (6th Cir.1988).

#### B. Liberal Pleading Standard

Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff's failure to state the correct legal theory, despite alleging facts that, if proven, would justify the relief sought, is not fatal. *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir.1992). Thus, a plaintiff who alleges facts that would support an ERISA claim, despite framing those allegations as state common law causes of action, does not automatically face dismissal under Rule 12(b)(6) if his state law claims are held preempted by ERISA. *See id.* Rather, " '[i]nstead of asking whether a complaint points to the appropriate statute, a court should ask whether relief is possible under any set of facts that could be established consistent with the allegations.' " *Yakubek v. Rex*, 1992 WL 107064, at *2, 963 F.2d 374 (6th Cir.1992) (quoting *Bartholet*, 953 F.2d at 1078).

■ Under 29 U.S.C. § 1132(a)(1)(B), a plan participant or beneficiary may sue to recover benefits due under an ERISA plan. Although the Giegers appear to frame their claims under state common law, the remedy they seek is primarily for recovery of benefits they allege are due under the Plan. Specifically, they ask this Court for an order requiring the defendants to provide Jo Ann Gieger long-term disability benefits retroactively from January 29, 2000. Furthermore, they allege that Children's Hospital is the plan administrator of the ERISA-governed UNUM plan, that Jo Ann Gieger was a participant,

that the Plan made available long-term disability benefits, that Jo Ann Gieger was entitled to those benefits, and that the defendants unfairly and capriciously denied her claim for those benefits. Compl. at ¶¶ 5–6, 22, 29. Taking their allegations as true for purposes of UNUM's motion to dismiss, plaintiffs state a claim for recovery of benefits from a covered plan by a participant. *See Little v. UNUMProvident Corp.*, 196 F.Supp.2d 659, 672 (S.D.Ohio 2002) (holding a plaintiff's state common law claims preempted by ERISA, but construing the complaint as stating an ERISA claim for recovery of benefits and allowing that claim to survive a motion to dismiss). Furthermore, the plaintiffs do not explicitly suggest that they are proceeding under state common law, but rather merely allege that they are due benefits as a result of their contractual and alleged fiduciary relationship with the defendants. Their complaint can therefore fairly be construed as a suit to recover benefits due under an ERISA plan. As such, it falls directly under 29 U.S.C. § 1132(a)(1)(B). *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

The plaintiffs' reference to the defendants' fiduciary obligation may also support a claim for breach of fiduciary duty under ERISA. UNUM argues that the Giegers' fiduciary duty claim should be dismissed because the Giegers seek personal monetary relief, and "a cause of action under § 1132(a)(2) permits recovery to inure only to the ERISA plan, not to individual beneficiaries." *Adcox v. Teledyne Inc.*, 21 F.3d 1381, 1390 (6th Cir. 1994). This may be true, but only insofar as it applies to actions brought under § 1132(a)(2). Section 1132(a)(3), however, allows a participant or beneficiary to sue to obtain equitable relief to redress ERISA violations or to enforce ERISA provisions. Breach of fiduciary duty is one such violation, and a plaintiff is entitled to seek individual equitable relief to remedy such a breach under section 1132(a)(3). *Varity Corp. v. Howe*, 516 U.S. 489, 507–15, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). Although the Giegers would not be entitled to compensatory or punitive damages on such a claim, *see Allinder v. Inter–City Prods. Corp. (USA)*, 152 F.3d 544, 552 (6th Cir.1998), they could obtain equitable relief in the form of an order requiring payment of benefits and equitable restitution—the very relief they primarily seek in their complaint. *See, e.g., Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574, 592 (7th Cir.2000) (finding that, although section 1132(a)(3) only permits equitable relief, restitution, when sought to remedy a breach of fiduciary duty, is an appropriate equitable remedy).

The Sixth Circuit has held, however, that section 1132(a)(3) is available only if a plaintiff may not avail himself of section 1132's other remedies. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir.1998). In *Wilkins*, the Sixth Circuit affirmed the district court's grant of summary judgment to an ERISA plan, finding that the district court had properly affirmed the Plan's denial of benefits based on the available evidence. *Id.* at 616. The court further held that, because the plaintiff's claim could be adjudicated (although subsequently rejected) under section 1132(a)(1)(B), the plaintiff had no cause of action for breach of fiduciary duty under section 1132(a)(3), the so-called "catchall" enforcement provision. *Id.* Relying on *Wilkins* and similar decisions from other circuits, other courts have dismissed ERISA breach of fiduciary duty claims pursuant to Rule 12(b)(6) where the plaintiffs also stated a claim for recovery of benefits under section 1132(a)(1)(B). *See, e.g., Kennedy v. United Healthcare of Ohio, Inc.*, 186 F.R.D. 364, 368 (S.D.Ohio 1999).

This Court respectfully disagrees with the *Kennedy* court's reading of *Wilkins*. Under that interpretation, *Wilkins* strictly forbids a plaintiff from pleading a claim under section 1132(a)(3) if he also seeks relief under section 1132(a)(1)(B). The *Wilkins* court reviewed a district court's grant of summary judgment in favor of an ERISA plan, however, not an order dismissing claims under Rule 12(b)(6). Relying on dicta in the Supreme Court's *Varity* decision to the effect that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief," *Varity*, 516 U.S. at 515, 116 S.Ct. 1065, the *Wilkins* court held as follows:

> Because § 1132(a)(1)(B) provides a remedy for Wilkins's alleged injury that allows him to bring a lawsuit to challenge the Plan Administrator's denial of benefits to which he believes he is entitled, he does not have a right to a cause of action for breach of fiduciary duty pursuant to § 1132(a)(3). Wilkins availed himself of the remedy available to him under the statute. The district court reviewed his claim *de novo* and concluded that [the Plan Administrator's] denial of benefits was correct. Wilkins therefore has no cause of action under any other subsection of § 1132.

*Wilkins*, 150 F.3d at 615. The *Wilkins* court therefore held that the plaintiff had no cause of action under § 1132(a)(3) because the plaintiff stated a § 1132(a)(1)(B) claim in his complaint.

A district court is in a position, by the time a case proceeds to the summary judgment stage, to determine whether review under section 1132(a)(1)(B) is appropriate or not. Certainly, if it appears at a later stage in this litigation that the Court can dispose of this case under section 1132(a)(1)(B), then the plaintiffs will have no cause of action under any other subsection of section 1132. It would be unwise to extend *Wilkins's* holding in this regard to the pleading stage, however, since it may turn out that, after resolving some of the preliminary questions relevant to this case,[1] a claim under section 1132(a)(1)(B) may be unavailable. *See, e.g., Varity*, 516 U.S. at 515, 116 S.Ct. 1065 (allowing plaintiffs to proceed under section 1132(a)(3) where they could not proceed under section 1132(a)(1)(B) because they were no longer members of the Plan and therefore had no benefits due them under the Plan). When considering a Rule 12(b)(6) motion, the Court must ask whether a plaintiff can "prove no set of facts in support of her claim that would entitle her to relief." *Miller*, 50 F.3d at 377. At the pleading stage, it will often be difficult for a district

---

**1.** Numerous questions that cannot be resolved by looking to the face of an ERISA complaint have a bearing not only on the merits of the case, but also on the procedure that should be used to adjudicate the case. For example, the *Wilkins* panel held that a district court reviewing a claim for recovery of benefits should neither conduct a bench trial nor utilize the summary judgment procedures set forth in Rule 56, but rather should conduct a *de novo* review of only that evidence contained in the administrative record. *Wilkins*, 150 F.3d at 618–19. This procedure appears only to apply when an ERISA plan *does not* clothe its administrator with discretionary authority to determine eligibility for benefits or

to interpret terms of the plan, however. *Id.* at 618; *see also Bucks v. Reliance Standard Life Ins. Co.*, 2000 WL 659029, at *3 n. 1, 2000 WL 659029 (6th Cir.2000) (citing *Killian v. Healthsource Provident Adm'rs, Inc.*, 152 F.3d 514, 520 (6th Cir.1998), for the proposition that where an administrator is given such authority, the reasoning of *Wilkins* may not apply). In a case such as this one, even if the Court ultimately proceeds under section 1132(a)(1)(B), the Court will likely have to answer preliminary questions concerning the identity of the ERISA administrator and whether that administrator possesses discretionary authority.

court to determine whether relief is definitely available under section 1132(a)(1)(B). In such a case, there may be some set of facts—namely, some set of facts that preclude section 1132(a)(1)(B) review but that make out a breach of fiduciary duty or other catch-all claim—in support of a section 1132(a)(3) claim that would entitle the plaintiff to relief. This is one such case. To be sure, the plaintiffs' allusion to the defendants' fiduciary obligations in their complaint is fleeting. It does, however, suffice for the purposes of Rule 8(a), and the Court cannot say that the plaintiffs could prove no set of facts entitling them to relief on that claim. *Cf. Communications Workers of Am., AFL—CIO v. Nynex Corp.*, No. 93 CIV 3322 LMM, 2000 WL 420561, at *7 (S.D.N.Y. Apr. 17, 2000) (granting summary judgment on a duplicative breach of fiduciary duty claim, but noting that the court had previously allowed the plaintiffs to amend their complaint to add that claim because no authority forbade doing so at the pleading stage).

This Court therefore finds that the Giegers are entitled to proceed under alternative ERISA theories at this stage in the litigation. They have alleged facts that could support either a claim for recovery of benefits under section 1132(a)(1)(B) or a claim of breach of fiduciary duty under section 1132(a)(3). If the plaintiffs are able to avail themselves of the former section, then relief under the latter section will be precluded. If, however, the Giegers are unable to proceed under the former section, then they have alleged a breach of fiduciary duty sufficient to proceed under the so-called "catch-all" provision. These questions cannot be resolved solely by reference to the face of the complaint, however. As a result, this Court declines to dismiss either ERISA claim.

### C. Improper Defendants

■ UNUM also argues that the Giegers' claims should be dismissed because they are alleged against the wrong parties. Specifically, UNUM asserts that this suit can only be brought against the Plan, not against the insurer. "[I]n the Sixth Circuit, the proper party defendant in an ERISA action concerning benefits is the party that is shown to control administration of the plan." *Little*, 196 F.Supp.2d at 672 (citing *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir.1988)). The plaintiffs allege that Children's Hospital is the designated plan administrator, but further allege that UNUM participated in the administration of the Plan by using its own physicians and aiding in the decision to deny benefits. Because, under the allegations of the complaint, either UNUM or Children's Hospital could have controlled the administration of the plan, either could be liable under ERISA. Furthermore, ERISA provides, in relevant part, that "a person is a fiduciary with respect to a plan" to the extent that he "exercises any discretionary authority or discretionary control respecting management," or "has any discretionary authority or discretionary responsibility in the administration" of the plan. 29 U.S.C. §§ 1002(21)(A)(i), (iii). The complaint alleges facts which, if proven, would support a claim that UNUM and/or Children's Hospital had discretionary authority sufficient to render them fiduciaries under ERISA. The Giegers have therefore not named improper party defendants.

### D. Demand for a Jury Trial

■ Finally, UNUM argues that the plaintiffs' demand for a jury trial should be stricken. Jury trials are unavailable in ERISA cases seeking recovery of benefits. *Daniel*, 839 F.2d at 268. Furthermore, the plaintiffs can only pursue equitable remedies in connection with their breach of fiduciary duty claim under section 1132(a)(3), and are therefore not entitled to a jury trial on that claim. *See Borst v.*

*Chevron,* 36 F.3d 1308, 1324 (5th Cir.1994); *Pane v. RCA Corp.,* 868 F.2d 631, 636–37 (3d Cir.1989); *Hooven v. Exxon Mobil Corp.,* No. CIV.A. 00–CV–5071, 2002 WL 1018925, at \*1 (E.D.Pa. May 20, 2002). The Giegers' demand for a jury trial is therefore stricken.

### CONCLUSION

For these reasons, the Court grants in part and denies in part UNUM's motion. To the extent that the plaintiffs' complaint alleges state common law causes of action for breach of contract, fraud, and breach of fiduciary duty, those claims are preempted by ERISA. However, the Court denies UNUM's motion to dismiss the complaint, which this Court deems to state claims for recovery of benefits and for breach of fiduciary duty under ERISA. Nonetheless, the plaintiffs' demand for a jury trial is stricken.

IT IS SO ORDERED.