DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas that granted summary judgment in favor of appellees on appellant's personal injury claims resulting from a collision between the pickup truck appellant was driving and the fire truck driven by appellee Jamie Haas. For the following reasons, the judgment of the trial court is affirmed. *Page 2 
 {¶ 2} Appellant sets forth a single assignment of error:
 {¶ 3} "The trial court erred in granting summary judgment in favor of defendant/appellees Jamie Haas, Pemberville-Freedom Fire Department, and Freedom Township."
 {¶ 4} The undisputed facts relevant to the issues raised on appeal are as follows. On April 10, 2004, appellant Bryan Musser was driving his pickup truck eastbound on State Route 582 in Troy Township, approaching the intersection of Route 582 and Bradner Road. At the same time, appellee Jamie Hass, a member of the Pemberville-Freedom Fire Department, was driving a fire truck north on Bradner Road toward the same intersection. Traffic on Route 582 has the right-of-way, while traffic on Bradner Road is controlled by a stop sign. Haas, on an emergency run, slowed but did not come to a full stop at the intersection. As Haas turned right onto Route 582, he collided with Musser's truck. As a result of the collision, Musser was injured and his truck was damaged.
 {¶ 5} On April 6, 2006, Musser filed a complaint alleging that at the time of the accident, Haas' operation of the fire truck was willful, wanton and/or reckless. Appellant claimed that Haas failed to operate the truck's lights and siren and failed to proceed cautiously past the stop sign, thereby breaching the duty imposed upon him by R.C. 4511.03
and preventing Haas and the other defendants from any entitlement to immunity under R.C. 2744.01, et seq. Appellees moved for summary judgment, asserting that they were entitled to governmental immunity pursuant to R.C. 2744.02(B)(1)(b) and *Page 3 
2744.03(A)(6)(b). The parties conceded that the only issue before the court was whether Haas acted wantonly, willfully or recklessly. On February 22, 2007, the trial court granted summary judgment in favor of appellees, finding that, based on the evidence provided, appellant had failed to demonstrate the existence of a genuine issue of fact as to whether Haas' operation of the fire truck constituted willful or wanton misconduct or reckless disregard for the safety of others.
 {¶ 6} In his sole assignment of error, appellant asserts that the trial court erred by granting appellees' motion for summary judgment because reasonable minds could conclude that Haas' conduct was, at a minimum, reckless. Appellant argues that Haas recklessly failed to come to a full stop at the intersection; failed to recognize the great risks attendant to operating a "massive" vehicle with several "blind spots;" knew he was approaching a hazardous tree-lined intersection that impeded the view of oncoming traffic and muffled sounds such as emergency signals, and knew the oncoming traffic did not have a traffic signal or stop sign.
 {¶ 7} An appellate court must employ a de novo standard of review of the trial court's summary judgment decision, applying the same standard used by the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129; Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). *Page 4 
 {¶ 8} In determining whether a political subdivision is immune from liability, this court must engage in a three-tier analysis. Cater v.Cleveland, 83 Ohio St.3d 24, 1998-Ohio-421. The first tier is the premise under R.C. 2744.02(A)(1) that: "except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." Pursuant to R.C. 2744.01(C)(1) and (2)(a), fire and rescue services constitute governmental functions.
 {¶ 9} The second tier involves the five exceptions set forth in R.C.2744.02(B), any of which may abrogate the general immunity set forth in R.C. 2744.02(A)(1). The only exception to immunity which may be applicable in this case arises out of R.C. 2744.02(B)(1), which states, in part, that: "Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority." There is no dispute that Haas was an employee of the Pemberville-Freedom Fire Department and Freedom Township at the time of the accident, and that he was engaged within the scope of his employment and authority as a firefighter.
 {¶ 10} R.C. 2744.02(B)(1) goes on to set forth three full defenses to any liability which may attach pursuant to the exception to immunity. Subsection (b) grants a full defense where: "* * * A member of amunicipal corporation fire department or any other *Page 5 
firefighting agency was operating a motor vehicle while engaged in duty at a fire, proceeding toward a place where a fire is in progress or isbelieved to be in progress, or in answering any other emergency alarmand the operation of the vehicle did not constitute willful or wanton misconduct[.]" [Emphasis added.] Accordingly, we will consider whether Haas' operation of the fire truck constituted misconduct sufficient to remove the firefighter and his employers from the statutory immunity set forth above.
 {¶ 11} Specifically addressing an employee's immunity from liability, R.C. 2744.03(A)(6) states that "[i]n addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3764.24 of the Revised Code, the employee is immune from liability unless one of the following applies:
 {¶ 12} "* * *
 {¶ 13} "(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner[.] * * *"
 {¶ 14} "Wanton misconduct" has been defined by Ohio courts as "the failure to exercise any care toward one to whom a duty of care is owed when the failure occurs under circumstances for which the probability of harm is great and when the probability of harm is known to the tortfeasor." Shalkhauser v. City of Medina, 148 Ohio App.3d 41,2002-Ohio-222, at ¶ 26, citing Brockman v. Bell (1992),78 Ohio App.3d 508, 515.
 {¶ 15} Ohio courts have adopted the definition of "willful misconduct" as "an intentional deviation from a clear duty or from a definite rule of conduct, a deliberate *Page 6 
purpose not to discharge some duty necessary to safety, or purposely doing wrongful acts with knowledge or appreciation of the likelihood of resulting injury." Shalkhauser, supra, at ¶ 27, quoting Tighe v.Diamond (1948), 149 Ohio St. 520, 527.
 {¶ 16} Finally, it has been held that an act is reckless if it is "done with knowledge or reason to know of facts that would lead a reasonable person to believe that the conduct creates an unnecessary risk of physical harm and that this risk is greater than that necessary to make the conduct negligent." Shalkhauser, supra, at ¶ 37, citingThompson v. McNeill (1990), 53 Ohio St.3d 102, 104-105. Specifically for purposes of conferring immunity on a city firefighter in connection with his or her conduct while driving a rescue vehicle, "recklessness" has been defined as the perverse disregard of a known risk. Lipscomb v.Lewis (1993), 85 Ohio App.3d 97. This court has found that an allegation that the driver of an emergency vehicle could have slowed down more than he did before the accident, as appellant infers in this case, does not indicate recklessness. Ybarra v. Vidra, 6th Dist. No. WD-04-061,2005-Ohio-2497,
 {¶ 17} Appellant testified at deposition that the trees in the woods to his right as he approached the intersection blocked his view of traffic traveling north on Bradner Road. He did not know whether the trees deadened any sounds made by approaching traffic. Appellant testified that he did not notice whether the fire truck's emergency lights were operating and did not hear a siren, but said he would not dispute the testimony of the other witnesses who said they had heard a siren. Appellant could not estimate the truck's *Page 7 
speed but said he would not dispute Haas' statement that he was traveling at 10 to 15 miles per hour when he entered the intersection.
 {¶ 18} In his deposition, appellee Haas testified that he was operating with the lights and siren on and used the air horn before he approached the intersection. Haas did not stop but slowed down as he made the turn. He testified that he checked the intersection and did not see appellant's truck.
 {¶ 19} Joseph Ballard testified at deposition that he was driving eastbound on Route 582 behind appellant's truck and witnessed the accident. Ballard stated that he saw the fire truck before it reached the intersection. Although he recalled seeing the lights flashing on the truck, he could not recall hearing the siren. However, Ballard confirmed that in the accident report taken at the scene he stated that he heard the truck's siren.
 {¶ 20} The trial court also reviewed the affidavits of the three firefighters who were riding on the truck at the time of the accident. All three stated that the truck's lights and siren were on and confirm that the truck slowed to approximately 10 to 15 miles per hour as it entered the intersection.
 {¶ 21} Clearly, Haas owed a duty of care to exercise due regard for the safety of persons and property during the execution of his duties. There is no evidence, however, that the probability of harm was either great or known to Haas. Under these circumstances, Haas' actions cannot be classified as wanton misconduct. There is also no evidence that Haas' actions constituted willful misconduct. Haas was acting within the parameters of R.C. 4511.03(A), which states that "[t]he driver of any emergency vehicle *Page 8 
or public safety vehicle, when responding to an emergency call, upon approaching a red or stop signal or any stop sign shall slow down as necessary for safety to traffic, but may proceed cautiously past such red or stop sign or signal with due regard for the safety of all persons using the street or highway." Finally, there is no evidence that Haas' actions constituted a perverse disregard of a known risk, or that he knew or should have known that his conduct created an unnecessary risk of physical harm; consequently, Haas' actions cannot be classified as reckless.
 {¶ 22} Based on the foregoing, we find that no genuine issues of material fact exist as to whether Haas' actions constituted willful, wanton or reckless conduct. Therefore, Haas, the Pemberville-Freedom Fire Department, and Freedom Township are entitled to judgment as a matter of law under R.C. 2744.02(B)(1)(b) and 2744.03(A)(6)(b). Accordingly, the trial court did not err by granting summary judgment in appellees' favor and appellant's sole assignment of error is not well-taken.
 {¶ 23} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
 JUDGMENT AFFIRMED. *Page 9 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Arlene Singer, J, William J. Skow, J, Thomas J. Osowik, J, Concur. *Page 1